FRANCIS GREAVES, Appellant *v.* HENRY A. GOUGE, Respondent.

An action against an officer of a corporation to recover damages for a fraudulent misappropriation and conversion by him of the corporate property, can only be brought by a stockholder in his own name after application to, and a refusal upon the part of the corporation to bring the action.

In case of such refusal, the stockholder may bring an action for the benefit of himself and other stockholders, but must make the corporation a party defendant, alleging in his complaint, and proving the refusal.

The fact that the wrongful acts of the officer have depreciated the market value of the capital stock held by the stockholder, to an extent greater than its share of the actual loss sustained, does not authorize an action by the stockholder in his own name, without making the corporation a party, to recover the difference between the actual loss and the depreciation.

(Argued March 19, 1877 ; decided March 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, in favor of defendant, entered upon an order affirming an order of Special Term, sustaining a demurrer to plaintiff's complaint.

The complaint, after stating that the action was brought by plaintiff for the benefit of himself and other stockholders of a manufacturing corporation organized under the name of H. A. Gouge & Co., and after alleging the due incorporation of said company, alleged in substance that defendant as president of said company, in combination with one Reid, an officer and director of said company, illegally and fraudulently converted to his own use all the surplus earnings of said company, misappropriated its funds to the payment to him of a pretended salary, and to pay for labor performed by others for his individual benefit, and converted to his own use property belonging to the company, whereby plaintiff's stock became and was wholly worthless, the depreciation being much more than its proportion of the actual loss sustained ; and plaintiff asked to recover as his damages the difference between the actual loss and the depreciation in market value.

Defendant demurred upon the grounds, among others, that there was a defect of parties in not making the corporation a party, and that the complaint did not state facts constituting a cause of action.

*W. T. B. Milliken,* for the appellant. A stockholder of a corporation who can show that he has sustained pecuniary loss by the fraud, culpable neglect of duty, or a violation of law, has a remedy against the directors or agents whose acts or omissions have caused his loss. (*Bissell* v. *M. S. & N. I.*

*R. R. Co.*, 22 N. Y. 275 ; *Butts* v. *Wood*, 37 id., 317 ; *Cross* v. *Sackett*, 6 Abb., 265 ; *House* v. *Cooper*, 16 How., 293 ; *Mead* v. *Mali*, 15 id., 347 ; *Crook* v. *Jewett*, 12 id., 19 ; *Cazeaux* v. *Mali*, 25 Barb., 578 ; *Abbott* v. *Am. H. R. Co.*, 33 id., 578 ; *Howe* v. *Deuel*, 43 id., 505 ; *Gardiner* v. *Pollard*, 10 Bos., 675 ; *Gray* v. *N. Y. & V. Is. Co.*, 5 T. & C., 224.) It is only when the stockholder seeks to recover his share of the loss, which might be recovered by the company, that it must be made a party. (*Robinson* v. *Smith*, 3 Paige, 222 ; *Cunningham* v. *Pell*, 5 id., 607 ; *Ferris* v. *Strong*, 3 Edw., 127 ; *Smith* v. *Hurd*, 12 Metc., 371 ; *Wells* v. *Jewett*, 11 How., 242 ; 10 Bos., 674 ; *Butts* v. *Wood*, 37 N. Y. 317.) Depreciation of market value of stock was a legal damage to plaintiff. (*Mead* v. *Mali*, 15 How., 347 ; *Crook* v. *Jewett*, 12 id., 19 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y.; 601 ; *Cazeaux* v. *Mali*, 25 Barb., 578.)

*Oscar Frisbie*, for the respondent. The corporation was a necessary party to this action. (*Robinson* v. *Smith*, 3 Paige, 222; *Cunningham* v. *Pell*, 5 id., 607; *Ferris* v. *Strong*, 3 Edw., 127; *Gardiner* v. *Pollard*, 10 Bosw., 674; *Wells* v. *Jewett*, 11 How., 242; 7 Wend., 31; Code §§ 111, 117.) The relation of plaintiff to the corporation was that of trustee and *cestui que trust*. (3 Paige, 322 ; A. & A. on Corps., 258, 260.)

MILLER, J. This action is for damages sustained by the plaintiff, as a stockholder of a corporation of which the defendant was president, by reason of a fraudulent and illegal conspiracy of the defendant and another person, who was also an officer of the company, by means of which, and by the acts of the defendant, the surplus earnings of the company were misappropriated, and said earnings and the property of the company converted by the defendant, and the stock of the plaintiff became worthless.

The plaintiff claims damages, not only for the misappropriation of funds and property, but for the depreciation in market value of the stock belonging to him in said corpora-

tion.    There is no doubt that a stockholder has a remedy for losses sustained by the fraudulent acts, and for the misapplication or waste of corporate funds and property by an officer of a corporation ; but the weight of authority is in favor of the doctrine that an action for injuries caused by such misconduct must be brought in the name of the corporation, unless such corporation or its officers, upon being applied to for such a purpose by a stockholder, refuse to bring such action.    In that contingency, and then only, can a stockholder bring an action for the benefit of himself and others similarly situated, and in such an action the corporation must necessarily be made a party defendant.    When a stockholder brings such an action, the complaint should allege that the corporation, on being applied to, refuses to prosecute ; and as this averment constitutes an essential element of the cause of action, the complaint is defective and insufficient without it.    The claim of the plaintiff that when the stockholder seeks to recover his share of the loss which might be recovered of the company, and only then, the company must be made a party, is not sustained by the authorities, and those cited do not uphold the doctrine contended for.    The same remark is also applicable to the position taken that when the loss is peculiar to the stockholder, and is caused by the depreciation of the market value of the stock, that the loss may be recovered against a director or other person causing it, without making the company a party.

The decisions which are relied upon by the plaintiff are referred to and sufficiently considered in the opinion of the Special, and that of the General Term, and the views there expressed so fully cover all the points which are now presented for consideration, that it is not necessary to enlarge upon them.

The rule laid down is too well settled to be disturbed, and within such rule the judgment of the General Term was right, and should be affirmed.

All concur.

Judgment affirmed.