In the Matter of the Petition of Charles Cohn et al., Creditors of William P. Burtnett, for the Removal of Thomas F. Wentworth as Assignee of said Burtnett for the Benefit of Creditors.

The words "misconduct" or "incompetency" in the provision of the act in relation to assignments for the benefit of creditors (§ 6, chap. 466, Laws of 1877, as amended by § 2, chap. 318, Laws of 1878), providing for the removal of an assignee, were intended to embrace all the reasons for which an assignee ought to be removed; and the power of removal conferred by said provision upon the county judge sitting as a court is equal to that possessed by a court of equity.

In proceedings, to remove an assignee under said provision, it appeared that prior to making the assignment a judgment for the benefit of the wife of the assignor was obtained against him under circumstances giving reason to believe that it was to a large extent fraudulent, being founded on claims in large part fictitious ; the assignee was the adviser, counsel and active agent of the wife in procuring the judgment ; under his direction an execution was issued five days before the assignment which was levied upon property worth about $28,000, which, with his co-operation, was sold four days after the assignment and the proceeds paid to the assignor's wife. *Held*, that the assignee would be presumed to have knowledge of the facts ; and that his omission to make any effort to arrest the sale or the proceeds was misconduct within the meaning of the act ; also, that his duty to the wife as her counsel, being inconsistent with his duty as assignee, made him incompetent ; that the creditors were entitled to an assignee who could, impartially and without the violation of a duty which he owed to others, assail the judgment and the sale made under it ; and that therefore the assignee was properly removed.

(Argued September 16, 1879 ; decided September 23, 1879.)

Appeal from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming an order of a judge of said court removing Thomas F. Wentworth from his position as assignee of William B. Burtnett for the benefit of creditors.

The facts appear sufficiently in the opinion.

*Thomas G. Shearman*, for appellant. The assignee could only be removed on the ground of misconduct, incompetency or failure to file an inventory. (Laws 1877, chap. 466, § 6.) The assignee was not incompetent within the meaning of the statute. (*Emerson* v. *Bowers*, 14 N. Y., 449; *Coope* v. *Lowerre*, 1 Barb. Ch., 45; *In re Watt's Trust*, 9 Hare, 106; *Turner* v. *Maule*, 5 Eng. L. & Eq., 222; 15 Jur., 761; *In re Reynolds' Trust*, L. R. [7 Ch.], 223; *Withington* v. *Withington*, 16 Sim., 104; *O'Reilly* v. *Alderson*, 8 Hare, 101.) The assignee could not properly be removed on any ground not distinctly set forth in the petition. (*Ex parte Robinson*, 4 Dea. & Ch., 499; *Ex parte Paramore*, 1 Dea., 279.)

*Samuel Hand*, for respondents. The fact that the assignee acted as the legal adviser of the wife of his assignor rendered him incompetent to act as assignee. (*Manning* v. *Stern*, 1 Abb. [N. C.], 410; *In re Perkins*, 8 Nat. Bk. Reg., 56; *Talbot* v. *Scott*, 4 K. & J., 139; 2 Perry on Trusts [2d ed.], § 818.) The removal of the assignee was also justifiable on the ground of misconduct. (*Hawley* v. *Mancius*, 7 J. Ch., 175, 184, 185, 186; *Ex parte Bennett*, 19 Ves., 385; *Hart* v. *Ten Eyck*, 2 J. Ch., 52, 110; Burrill on Assignments [2d ed.], 499; 2 Perry on Trusts [2d ed.], 162, § 602.) The direction in the order of removal, that the assignee pay over to the substituted assignee all the property that had come to his hands, was proper. (Laws 1878, chap. 348, § 2; Laws 1877, chap. 466, § 25.)

EARL, J. These were proceedings for the removal of an assignee under the act chapter 466 of the Laws of 1877, as amended by chapter 318 of the Laws of 1878. Such proceedings in the city of New York are required to be conducted before a judge of the Common Pleas; and in section twenty-two of the act, as amended, it is provided that all proceedings under the act shall be deemed to be had in court; that the court shall always be open for such proceedings; and that the judge when acting in such proceedings shall be deemed to be acting as the court. It is also provided that all orders or decrees in such proceedings shall have the same force and effect, and may be entered, docketed, enforced and appealed from, the same as if made in an original action brought in the court.

These proceedings were conducted in conformity with the statute, and so far as we can discover, were regular.

The sole question, therefore, is whether there was sufficient cause to authorize the removal of the assignee by the judge. He could be removed for misconduct or incompetency. We think a sufficient case was made to authorize his removal on either ground. There are grounds for believing that the judgment obtained against the assignor, for the benefit of

his wife, was to a large extent fraudulent; that it was procured upon claims in large part fictitious, for the purpose of absorbing the assignor's estate and keeping it from his just creditors. In procuring this judgment the assignee was the adviser, counsel and active agent of the wife; and it may be assumed that he knew the facts upon which it was based and the purposes for which it was obtained. Under his direction an execution was issued upon the judgment, five days before the assignment was made, and levied upon property worth about $28,000; and four days after the assignment, this large amount of property, with his cooperation, was sold for about $9,000, and the proceeds paid to the assignor's wife. He made no efforts to arrest the sale or the proceeds; and knowing what he did of the facts, he could not omit such efforts, without being guilty of misconduct.

Then again, his relations to Mrs. Burtnett, as her counsel, were such that he could not have taken measures to assail the judgment or to prevent a sale upon the execution, without a violation of the duty which he owed her as her counsel. As assignee, it was his duty to make efforts to protect the property of the assignor, for the benefit of the creditors whose trustee he was, from that judgment. As counsel for her, he was under a prior obligation to her to maintain that judgment, and not to embarrass her in its enforcement. He could not, therefore, do his duty as assignee, without a breach of the duty which he owed her as counsel. Under such circumstances, we cannot say that the judge made a mistake in holding that a case of incompetency was, within the meaning of the statute, made out.

We do not mean to determine that the judgment was absolutely fraudulent, and that it could certainly have been set aside. All we mean to say is, that the facts upon which it was based and the circumstances under which it was obtained, were such that an assignee cognizant of the facts could not stand by and suffer the whole trust estate to be swept away, without any efforts to avoid such a calamity.

The creditors were entitled to an assignee who could impartially, and without a violation of duty which he owed to others, assail that judgment and the sale made under it.

The words "misconduct" and "incompetency," as used in this statute, have no technical meaning. The two were intended to embrace all the reasons for which an assignee ought to be removed. The power of summary removal conferred upon the county judge, sitting as a court, was intended to be as broad as the exigencies of the case might require. This power could not be less than that possessed by a court of equity; and that upon such facts as exist here, a court of equity would have power to remove a trustee, cannot be doubted. (2 Perry on Trusts, §§ 817, 818.)

The order must be affirmed, with costs.

All concur.

Order affirmed.