Matter of Attorney-General agt. Continental Life Insurance Company.

## SUPREME COURT.

In the Matter of THE ATTORNEY-GENERAL agt. THE CONTINENTAL LIFE INSURANCE COMPANY.

*Deposition to be used on a motion — Order for, how and by whom may be obtained — Code of Civil Procedure, section 885 — Meaning of the word "party," as used in this section.*

In an action instituted by the attorney-general to dissolve a life insurance company, the holder of a policy in or a creditor of the corporation who has not intervened in the action should not be granted an order for the examination of a person as a witness to be used upon a motion under section 885, Code of Civil Procedure.

*N. Y. Chambers, November*, 1883.

THIS is a motion to vacate an order for the examination of Luther W. Frost, as a witness, and to obtain his deposition to be used upon a motion under section 885, Code of Civil Procedure.

*C. E. Rushmore*, for motion.

*H. F. Averill*, opposed.

POTTER, J. — The grounds of the motion are that the person procuring the order and in whose behalf the deposition is to be used is not a party to the action in which the order is granted, or if he is, then by the same reasoning the person to be examined is a party to the action. Said section provides that "where a party intends to make or oppose a motion in a court of record * * and it is necessary for him to have the affidavit or deposition of a person not a party to use upon the motion * * the court or judge authorized to make an order in the cause may in its or his discretion make an order appointing a referee to take the deposition of that person." The residue of the section consists of the essentials of the affidavit to obtain such order, and of the practice under it.

Matter of Attorney-General agt. Continental Life Insurance Company.

The object of the motion, as appears from the petition upon which the order to take the deposition was obtained, is to set aside an order made in the above entitled action directing the receiver of the defendant therein to compromise and discontinue two actions brought by him, as receiver, against said Frost in this court, to recover of him certain moneys alleged to belong to the defendant herein, and to set aside certain conveyances of premises alleged to have been purchased by said Frost with the moneys of the defendant, and the incumbrances upon said premises. The application for this order to compromise and discontinue was made, and the order granting permission to do so was entitled in and entered in this the above entitled action. It does not appear from any of the papers before me upon this motion that either said application for the order to compromise and discontinue or that the order granting leave to do so was either entitled or entered in the action brought by the receiver against said Frost.

The petitioner shows that he was a holder of a policy of insurance in his own right, issued by the defendant, and that his object is to set aside the compromise and the order permitting the compromise for the fraud of said Frost. Assuming the facts to be as stated in his petition, and that the deposition of said Frost, if obtained, would establish those facts, it would be manifest justice to the public generally and to the holders of policies in the defendant's company that the order to compromise and the compromise under it should be set aside. But that is not the question upon this motion, at least in the first instance.

The first question here is whether the means which have been taken for that end are regular and legal. I think it is plain — too plain to admit of discussion — that the word " party," as used in section 885, Code of Civil Procedure, means a party to the action, and means the same when used to designate the person on whose behalf the examination is to be had as when used to designate the person to be exam-

ined. The order is to be granted by a judge or court competent to make an order in the cause. The person applying for the order to examine must be a party to that cause, and the person to be examined under the order must not be. If the person to be examined is a party to the cause, his deposition can be obtained under other provisions of the Code, and if the person desiring the deposition is not a party to the cause, either by the requirements of the Code or by leave of the court, he is not presumed to have any standing in the court or any rights to be affected by the action. The name of the petitioner nowhere appears in the action, and was not a necessary or proper party to the action. The action was instituted by the attorney-general to dissolve the corporation named the Continental Life Insurance Company.

I think it quite, if not entirely, fundamental that a stockholder in a corporation is not a party to an action because the corporation is a party. Hence the necessity and frequent occasion of stockholders to apply to the court in which an action is pending between a corporation, of which they are stockholders, and other parties, for leave to intervene and become parties to the action. If stockholders in a corporation are not parties by reason of the corporation being a party, then, clearly, holders of policies in and creditors of the corporation which is a party to an action are not parties to an action because the corporation is. Stockholders, policyholders and creditors, as a general rule, are represented by the corporation, and, after its dissolution, by the receiver (*Evans* agt. *Gouge*, 69 *N. Y.*, 154; *Brewster* agt. *Hatch*, 10 *Abb. N. C.*, 400).

I see by the application and by the order granting leave to compromise, that there were several policyholders who had intervened and were represented by counsel respectively upon that application, but the petitioner had not intervened and was not, therefore, in that sense a party to this action in any way.

The motion to vacate the order must therefore be granted, with ten dollars costs of motion.