## ELIZABETH FISHER, APPELLANT, *v.* EZRA R. ANDREWS AND OTHERS, RESPONDENTS.

*Action against the trustees of a mutual benefit association for a breach of duty — when the plaintiff must first request a receiver of the association to bring the action — to whom money collected under an assessment made by such an association belongs.*

This action was brought by the plaintiff to recover a sum of money alleged to be due to her as the widow of a member of a mutual benefit association. The action was brought against the trustees and a receiver thereof. The complaint alleged, in substance, that the defendant trustees had been guilty of neglect of their duties as trustees, and had converted and applied to their own use moneys collected under an assessment for and belonging to the plaintiff without right or authority.

*Held,* that the complaint was properly dismissed because of its failure to allege that the plaintiff had requested the receiver to prosecute the defendants and that he had refused so to do, or that she had applied to the court for leave to sue the defendants and that the same had been granted or refused.

Money received by the trustees of a mutual benefit association, from an assessment imposed upon the members to pay to the widow of a deceased member the amount which she is entitled to recover, belongs to the association and not to the widow.

APPEAL from a judgment dismissing the plaintiff's complaint as to the defendants Andrews, Barnard and Barker, at the Monroe Special Term held by Mr. Justice Dwight. No evidence was given on the trial, and the complaint was dismissed on the plaintiff's opening, because it did not state facts constituting a cause of action. The Mutual Benefit Association of Rochester was created a corporation in pursuance of chapter 267 of the Laws of 1875. The object of this society, as declared in its articles of association

was, to promote acquaintance, social intercourse and assistance among its members, and to furnish substantial aid to their families or assigns in case of a member's death. The scheme as embraced in the general law with which the articles of association conform, was to secure to families of deceased members of the corporation pecuniary aid, the amount being regulated by the number of memberships in the class to which the member was assigned, not in the aggregate to exceed a particular sum. John W. Fisher, the husband of the plaintiff, became a member, and was assigned to class "B," and a certificate issued to him, in which it was agreed that upon his death there should be paid to this plaintiff, as his widow, a sum not to exceed two thousand dollars. At the time of his death he was a member in good standing. The membership in that class was sufficient to secure on the established basis of assessment the sum of two thousand dollars. The board of trustees were empowered to fix the rate and amount of fees, dues or assessments, and to change or modify the plan of doing business. They had charge of all the property belonging to the association. The complaint alleged that after the death of Fisher the trustees of said corporation made a schedule assessment upon the members of class "B," and received the sum of $2,864, which money to the amount of $2,000 belonged to the plaintiff, and was assessed and collected for the plaintiff in accordance with the certificate of membership issued to John W. Fisher, and the charter and the by-laws of said corporation. It also alleged that the defendants, excepting McDonald, were the acting trustees at the time such moneys were collected and received the moneys so collected belonging to the plaintiff, and that it was their duty to transmit or deliver the same to the plaintiff; that the trustees paid and delivered to the plaintiff $1,000 of such moneys so collected, and that the balance they unlawfully deposited in a bank in the city of Rochester, and mingled the same with other funds in their possession, so that their identity was lost, and that they unlawfully checked out and expended the same for their own purposes, or for the uses of said corporation, and thereby misappropriated the same to their own use; and that they either actually participated in such violation and misappropriation, or in negligent disregard of their duty suffered the same to be accomplished by the

other trustees or officers of said corporation; and although they have been requested so to do, the trustees of said corporation have neglected and refused to pay the plaintiff the sum so deposited, except $300 thereof; that on the 18th day of April, 1882, she recovered a judgment against the corporation for the sum of $655, the balance of the money unpaid, due her, and on such judgment she has received the sum of $187; that the said corporation became insolvent, and that on the 13th day of May, 1882, in proceedings instituted by the attorney general, on behalf of the people, judgment was rendered dissolving said corporation and forfeiting its corporate rights, franchises and privileges, and forever restraining said corporation, its trustees, officers, attorneys or agents from exercising any of its corporate franchises, powers or privileges, or from collecting or receiving any debts or demands belonging to or held by the said corporation, and appointing the defendant Angus McDonald receiver of all the property and effects of said corporation and of all the property held by it, with the usual power of receivers in such cases, and that he duly qualified and has entered upon the duties of his office.

*Nathaniel Foot*, for the appellant.

*Theodore Bacon*, for the respondents.

BARKER, J.:

After reading the articles of association and by-laws, together with the certificate of membership issued to John W. Fisher, the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action; the averments of the complaint must, therefore, for the purposes of the present appeal, be taken as true, and no reference to the several answers is necessary or proper.

It appears from the averments that the contract between Fisher and the corporation was valid, and that the plaintiff, upon the death of her husband, became a creditor of the corporation in the sum of $2,000. The allegations as to the misbehavior of the defendants, as trustees, and the wrongful use of the moneys belonging to the corporation, and appropriating the same to their own use and purposes, is not very clearly and understandingly set forth, but for the purpose of

·disposing of the questions presented on this appeal we shall regard the complaint as stating that they were guilty of neglect of duties ·as trustees, and used and applied moneys belonging to the corporation, to their own use, without any right or authority so to do. For the wrongs thus imputed to all the defendants, excepting McDonald, the receiver, and which are admitted, the corporation had a right of action and could have recovered in an action at law the moneys alleged to have been misappropriated. (Angell & Ames, on Corporations, chap. 9, §§ 13, 14; *Robinson* v. *Smith,* 3 Paige, 222; *Greaves* v. *Gouge,* 69 N. Y., 154; *Brinckerhoff* v. *Bostwick,* 88 id., 52.)

This right of action was transferred to the receiver, for it is now well settled that a receiver of an insolvent corporation represents not only the corporation, but also the creditors and stockholders, and that, in his character as trustee for the latter, he may disaffirm and maintain an action as receiver to set aside an illegal or fraudulent transfer of the property of the corporation, made by its agents ·or officers, or to recover its funds or securities invested or misapplied. (*The Attorney General* v. *Guardian Mutual Life Ins. Co.,* 77 N. Y., 275.)

The injuries sustained by a corporation by reason of the unlawful acts and frauds of its officers should be prosecuted in the name of the corporation, and the redress given is for the benefit of all the ·stockholders and members of the corporation, but if the corporation neglects and refuses to prosecute the action on the proper application of the members or stockholders, then they may maintain an ·action in equity in their own names against the defaulting officers ·or agents and recover a sum equal to the damages which they have individually sustained.

As the corporation has been dissolved and a receiver appointed, it was unnecessary for the plaintiff to allege that she had requested the officers of the corporation to prosecute the defendants, and that they had refused. The receiver was properly made a party defendant, and thus brought before the court to protect the interests of the corporation and the members of that body.

The defendants insist that as the complaint did not allege that the receiver had been requested to bring the action and had refused to do so, and that she did not offer to prove that fact in the opening

of her case to the court, therefore that no cause of action was stated against them in the complaint, or offered to be proved on the trial.

This position we regard as well taken. The receiver represents the corporation, and also the creditors, and the funds and causes of action which became vested in him, on his appointment, are *custodie legis*, and should not be diverted and taken from his hands, or placed beyond the control of the court, whose duty it is to see that all the funds of the corporation are justly and equitably distributed among its creditors and members. If the plaintiffs are allowed to recover in this action, the sum so recovered would necessarily be placed beyond the control and order of the court. We think that the complaint should have alleged that the plaintiff requested the receiver to prosecute the defendants, or that she had applied to the court for leave to sue the defendants, and that the same had been granted or refused. If it had been made to appear that the receiver was in league with the other defendants, or had been guilty, with them, in misappropriating the funds of the company, that would perhaps be received as a sufficient excuse for not applying to him to prosecute the defendants in a proper action. (*Greaves* v. *Gouge,* 69 N. Y., 154; *Brinckerhoff* v. *Bostwick,* 88 id., 52.)

The plaintiff sought to maintain her cause of action on the theory that the defendants, as trustees of the corporation and charged with the direction and management of its affairs, were trustees in the technical sense of the term, and received the money in the latter capacity for her use, and that she had an original cause of action against them individually, on the payment of the moneys into their hands by the assessed members for the purpose of liquidating her claim against the corporation.

The moneys, when paid in by members, belonged to the corporation and were subject to the disposal of its managing board. The misappropriation afterwards made by the defendants, as alleged, was a wrong done to the corporation and gave it a right of action. When stockholders or members of a corporation or its creditors are permitted to maintain a suit in equity against the officers and agents of a corporation, it is in the nature of equitable relief, based upon the fact that the officers of the corporation decline to pursue the remedy, and for that reason, in a proper action, with the proper

parties before the court, appropriate relief is granted to the injured parties. (*Smith* v. *Rathbun*, 22 Hun, 150.)

The judgment should be affirmed, with costs.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.