Angle, J.
The objects of the defendant’s organization having ceased by the discontinuance of its school for nearly ten years before the commencement of this action; and the location of a State Normal School having precluded all reasonable probability of a revival of the exercise of defendant’s main franchise, to which all its other franchises are-merely auxiliary, it seems a proper case for the court to dispose of the endowment fund raised by the subscription of 1859, now in the hands of the trustees.
Actions for the distribution of trust funds are common. (Kerr v. Blodgett, 48 N. Y., 66), and independently of any statutory jurisdiction over corporations this court by virtue of its common law jurisdiction over trusts has power to grant relief in a case like this.
In Cramer v. Bird (L. R., 6 Eq., 143) the master of the rolls said: “I am of opinion that there cannot be a plainer equity than this; that where the functions of a corporation have ceased, the managers of that corporation are bound to account for all money belonging to the corporation, * * * and this court will make a decree that they may be divided among the various members.” This principle *61 was approved and followed by the supreme court of Michigan in the recent case of Stamm v. N. W. Mutual Benefit Asso’n (8 West. Rep., 767, 771), where other authorities are cited.
The counsel for the defendant claims that the distribution of this fund should be among the stockholders of the defendant, but I hold with the contention of plaintiff’s counsel that under the subscription which created this ■endowment fund it should be distributed among the contributors creating it.
The counsel for the plaintiff claims that the defendant in this action should account for certain money which he insists the trustees of defendant have improperly paid out of this endowment fund or its income. But the complaint does not appear to have been drawn from such a cause of action, and the trustees whose acts made the alleged misapplication are necessary parties therefor. Greaves v. Gouge, 69 N. Y., 154.
It does not seem to me to be necessary to appoint a receiver of the fund, for in this action no decree for this dissolution of the defendant can be made. It is simply an action to distribute a trust fund. The question of costs will be reserved until the coming in of the referee’s report under the interlocutory judgment directed by decision.