ADOLPH ROTHMILLER *v.* THEODORE G. STEIN et al.

(New York Common Pleas—Special Term, April, 1894.)

A complaint alleging that the defendants, who were officers of a corporation, made false statements to plaintiff as to the business of the company and the amount of the next dividend ; that he was thereby led to refuse offers for his stock at par ; that he was offered eighty in cash by a fellow-stockholder, or fifty cash and an additional fifty if the dividend amounted to ten per cent, and, acting under the advice of defendants, accepted the latter offer ; that defendants had never paid in the amount subscribed by them and had falsified the books and otherwise mismanaged the affairs of the company, and that the company was insolvent, states facts sufficient to constitute a cause of action for deceit.

DEMURRER to complaint for insufficiency.

Action for deceit brought against the defendants, one of whom, Weber, was the president, and the other, Stein, was the secretary and treasurer of a corporation in which the plaintiff owned 118 shares of stock of par value of $100 each.

The complaint alleges that on May 31, 1892, the defendants, as directors and officers of the corporation, declared a dividend of two per cent and at the same time stated to the plaintiff that a further dividend of at least twenty per cent would be declared at the next annual meeting, owing to the increased business of the corporation.

That at the same time the defendant Stein, as treasurer, gave him an itemized statement of the affairs of the company, corroborated in all respects by the defendant Weber, grossly overstating the assets and cash on hand of the company.

That relying upon such representations the plaintiff refused offers from various persons of $100 per share for his stock.

That one Moore, a fellow-stockholder, offered plaintiff eighty dollars per share cash or the sum of one hundred dollars per share to be paid as follows : Fifty dollars cash and an additional fifty dollars if the annual dividends for the year should amount to ten per cent. That the plaintiff, relying solely upon the truth of the above statements of the defend-

18

ants, refused the former terms and sold ten shares of his stock upon the latter terms.

That the plaintiff then saw the defendants again, told them of Moore's offer, and was told by them not to sell for less than par; that the business had increased enormously, large orders were on hand, assets had greatly increased, and that a dividend of much more than ten per cent would be declared. Relying solely upon such representations the plaintiff sold Moore 100 shares upon the same terms as before.

Falsity and scienter of all the above representations and an intention to deceive are sufficiently averred.

There are further allegations that the defendants had never paid in $10,000, subscribed by them in equal shares, although in the certificate of incorporation they had made oath to such payment on their part and had falsified the company's books in order to deceive the stockholders upon this point; that they had otherwise mismanaged the affairs of the company, squandered its moneys and withdrew as salaries large sums contrary to its by-laws, thereby crippling its business and preventing the payment of dividends upon its stock; also that at the time the statements were made the company was actually insolvent.

*Kohn, Ruck & Lippmann* (*William J. Lippmann*, of counsel), for plaintiff.

*Guggenheimer, Untermyer & Marshall* (*Louis Marshall*, of counsel), for defendant.

GIEGERICH, J.   Judgment for $5,500 is demanded, which is the amount plaintiff lost by reason of the fact that a dividend of ten per cent was not declared. This amount could be recovered only upon the theory that the action is for mismanagement and not for deceit.   Upon the latter ground the difference between $8,800 (the amount he would have realized upon a sale of the 110 shares at eighty dollars each) and $5,500, the amount actually received, measures the extent of his possible recovery.

So far as the action is for mismanagement the demurrer is good.

*Greaves* v. *Gouge*, 69 N. Y. 154, was an action for misappropriation of funds and property, and for depreciation in market value of stock. The rule was laid down as follows: "A stockholder may bring an action for the benefit of himself and others similarly situated, and in such an action the corporation must necessarily be made a party defendant. When a stockholder brings such an action, the complaint should allege that the corporation, on being applied to, refuses to prosecute; and as this averment constitutes an essential element of the cause of action, the complaint is defective and insufficient without it." See, also, Ang. & A. Corp. § 312, p. 325, and cases cited; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 56.

Regarding the complaint as in deceit, there is some doubt as to whether damage is sufficiently alleged. The defendants argue that no loss resulted from the deceit because, had the truth been told and the alleged insolvency disclosed, the plaintiff could not, without fraud on his part, have sold to Moore for the eighty dollars per share offered or even for the fifty dollars received. This is by no means clear. It does not appear that the plaintiff would have been under any legal obligation to reveal to Moore the facts concerning the company's condition, had the officers correctly stated them. Moore was a fellow-stockholder, had equal means of knowledge and sustained no peculiar or fiduciary relation to the plaintiff. *Bench* v. *Sheldon*, 14 Barb. 66; Story's Eq. Juris. 205–208.

The allegation of insolvency must be taken in connection with other parts of the complaint; for example, the averments that defendants had failed to pay in $10,000 as they ought to have done, and that the company had acquired patents and a business already existing. What Moore's object may have been in desiring plaintiff's stock cannot be told. It may have been to obtain control of the company for the purpose of changing the management and enforcing the payment of the

$10,000 subscribed and other obligations, or because he believed the patents would ultimately be more valuable. The question is not the condition of the company at the time of the sale, or even the market value or the true worth of its stock, but what Moore was willing to pay for plaintiff's holding. His offer is *prima facie* proof upon this point. What his motive may have been should not be conjectured to defeat the complaint, so long as the facts alleged do not show that he would not have made the same or substantially as good an offer had defendants' false statements never been made.

The demurrer is overruled, with costs, with leave to the defendants to answer within twenty days upon payment of the costs of the demurrer.