(11 Misc. Rep. 207.)

## BAYLES v. VANDERVEER et al.

(Supreme Court, Special Term, New York County. January, 1895.)

1. CORPORATIONS—DIRECTORS — REFUSAL TO ACCEPT BENEFICIAL PROPOSITION.
   Directors are not chargeable with neglect of duty because they refused to accept a proposition which, though advantageous to the corporation, was conditioned on their resignation.
2. CONSPIRACY—WHEN ACTION LIES.
   An action for conspiracy cannot be maintained unless it resulted in actual damage to plaintiff.

Action by James C. Bayles against Frank F. Vanderveer and others for conspiracy. Defendant Ryan demurs to the complaint. Sustained.

Edward A. Sumner, for plaintiff.
Hennessy, Creedon & Rowan, for defendant Ryan.

BEEKMAN, J. The defendant Vincent A. Ryan has demurred to the complaint on several of the grounds authorized by section 488 of the Code of Civil Procedure. Two of these grounds are: (1) That a cause of action against all of the defendants has been improperly united with a cause of action affecting only some of the defendants; (2) that the complaint does not state facts sufficient to constitute a cause of action. This court, at special term, has already sustained a demurrer to this complaint interposed by the defendant Vanderveer on the first of the grounds above stated,

and this decision should be taken to be the law of this case and followed until reversed by the appellate court. I think, however, that the complaint also fails to state facts sufficient to constitute a cause of action against the defendant Ryan, and that the demurrer should be sustained on that ground. The gist of the action is conspiracy. Stripping the complaint of all verbiage, the following is a concise statement of the plaintiff's alleged grievance: The plaintiff is the owner of 1,495 shares of the capital stock of the Cape Fear Harbor & Coal Company, a foreign corporation, duly incorporated under the laws of the state of North Carolina. The total issue of stock is 1,508 shares, of the par value of $100 each. The defendants, other than Reckless, own one share each. The defendant Reckless owns two shares. The board of directors consists of the plaintiff and all of the defendants. The plaintiff and two of the defendants reside in New Jersey. The other defendants reside in the state of New York, in which latter state substantially all of the meetings of the stockholders and directors have been held and the business of the corporation has been transacted. The plaintiff is the president of the corporation. The defendant Ryan is its secretary, and the defendant Hawkins is its treasurer. By its charter the principal office of the corporation is required to be in North Carolina, but branch offices are authorized in any other state or country. The complaint is otherwise silent as to the terms of incorporation. The only asset of the corporation which is mentioned is a block of 1,509 shares of the Brunswick, Western & Southern Railroad of North Carolina, which is represented to be a controlling interest. The plaintiff is also president of the company. The interests of the two companies are therefore closely associated. The plaintiff alleges that he undertook to procure the money necessary to "float and finance and put into active operation both of said companies," and that "he forthwith secured promises to furnish a part of the $350,000, more or less, and to so float and finance and put into operation said companies." If this allegation has any relevancy at all, it must be assumed to relate to the subsequent statement that on or about the 1st day of September, 1894, the plaintiff concluded an arrangement with certain persons in this city for the immediate equipment and operation of the two companies, which arrangement gave promise of par value to all of the stock of the same. The complaint does not state the particulars of the arrangement, except that it was conditioned upon an immediate change of directors, by which the defendants should be replaced by others "to be named by and to control for said persons with whom those negotiations were concluded; that otherwise said negotiations should fail." This proposition was laid before the defendant directors of the Cape Fear Harbor & Coal Company, and their attention was called by the plaintiff to the great advantage which it offered to the corporation, and to the necessity of electing other directors in order to satisfy the above condition exacted by the negotiators. The directors refused to consider the matter, and, as the complaint states, "when the plaintiff himself moved the resignation of said directors,

with the election of their successors, they sat mute, and refused
to second said motion." The plaintiff alleges that this act, or
failure to act, was pursuant to a conspiracy between the defend-
ants to cheat and defraud him, and, in support of his charge, states
that, when he mentioned the favorable result of his negotiations
to the defendant Vanderveer, the latter falsely asserted a claim
to $62,500 worth of the plaintiff's stock, and demanded a transfer
of the same to him, and made other claims against him, and in-
sisted that if his demands were refused he would prevent a meet-
ing of the company, or, if there were a meeting, he would prevent
the consummation of the negotiations in question, and that the di-
rectors would act as he instructed. The plaintiff instantly refused
to accede to these demands. The complaint further states that the
certificate of stock representing the shares held by the plaintiff
was in Vanderveer's possession. It does not appear why this was
so. The fact only is stated, with the averment that the certificate
was held subject to plaintiff's demand, and that Vanderveer had no
interest in or lien upon it. The plaintiff immediately endeavored
to secure possession of it, but failed, and he alleges that the de-
fendant Vanderveer and the defendant McPherson, to whom the
former said he had delivered the certificate, purposely obstructed
him in his efforts to resume possession of his property. The par-
ticular need for the certificate at that time was that the plaintiff
might transfer certain shares to the persons with whom he had
made the contingent arrangement for capital above mentioned, in
order to qualify them for election as directors. Failing in his
effort to obtain the certificate, the plaintiff made written assign-
ments to these persons of the shares he intended to transfer, which
assignments were tendered by them to the defendant Ryan, who
was the secretary of the company, and a demand was made upon
him to issue certificates of stock of the company accordingly. At
first Ryan assented and appointed a time when he would do so,
but subsequently he refused, stating that in the meantime he had
seen the defendant Vanderveer, but the complaint is silent as to
what, if anything, passed between the two on the subject. The
plaintiff also alleges that he is the owner, by assignment from the
defendant Hawkins, of a contract for land in North Carolina nec-
essary to the railroad company above mentioned for terminal pur-
poses; that said contract was in the possession of the defendant
Vanderveer, who refused to surrender it; that the defendant Haw-
kins, upon conferring with Vanderveer, refused to execute to the
plaintiff another assignment, and that both of them were informed
that the paper was necessary in order that the negotiations above
referred to might not fail. There is also an allegation that the
directors of the Cape Fear Harbor & Coal Company had issued
a call for a meeting of stockholders to elect a board of directors,
and that, owing to certain by-laws of the company, which the plain-
tiff characterizes as pretended by-laws, and which he elsewhere
charges to have been fraudulently devised or manufactured by the
defendants or some of them, the election will be determined by a
majority of the votes cast, without regard to the number of shares

held by the voting stockholders, and that the defendants propose through these means to re-elect themselves, and thereby prevent the consummation of the said negotiations. He also alleges that the meeting was otherwise irregularly called. He finally sums up the case by alleging that, by reason of the conspiracy, he has been injured to his damage in the sum of $100,000, for which he demands judgment.

The facts I have enumerated are set out in the complaint as elements of the conspiracy charged, and are found in paragraphs severally indicated by letters of the alphabet, as specifications of the acts constituting the fraudulent combination and its execution. Assuming the material facts stated in the complaint to be true, as we must for the purposes of the demurrer, the plaintiff may justly claim to have been outrageously treated by the defendants or by some of them, but this is far from justifying the claim that the wrong committed is an actionable one. The substance of the charge is that the various acts assigned in the complaint were done to aid the defendant Vanderveer in his efforts to extort from the plaintiff $62,500 worth of his stock, but it appears that they failed to accomplish this purpose, as the plaintiff has refused to recognize the claim or to yield to the demand. If the claim for damages is based upon the loss resulting from the failure of the defendants, as directors of the company, to accept the propositions made to supply the company with additional capital, it will be recalled that these propositions involved the resignation of the defendants, and, whatever may have been their moral obligations in view of the great advantage to the company which would so result from their resigning, they were within their legal rights when they refused to consider a proposition which involved any such requirement. Cook, Stock, Stockh. & Corp. Law (3d Ed.) § 711. The plaintiff seems to suppose that, because he held almost the entire capital stock of the corporation, the directors were bound, in the performance of their duties, to comply with any request he might make. How much mistaken he is in this theory will appear from the case of Beveridge v. Railroad Co., 112 N. Y. 1, 19 N. E. 489. Where, then, is the damage to the plaintiff? "A simple conspiracy, however atrocious, unless it results in actual damage to the party against whom the conspiracy is aimed, is not the subject of a civil action." Oil Co. v. Everest, 30 Hun, 586. In the case of Verplanck v. Van Buren, 76 N. Y. 259, Folger, J., says that "in such action the evidence of a technical conspiracy is not essential. The damage is the cause of action, and the conspiracy mere matter of aggravation." See, also, Place v. Minister, 65 N. Y. 89. In the case of Lee v. Kendall, 56 Hun, 610, 11 N. Y. Supp. 131, the above definition is followed, with the further statement that proof of conspiracy is only essential when a verdict is demanded against two or more defendants, and that the practical importance of such proof arises from the rule which thereupon permits the plaintiff to give in evidence the declarations of co-conspirators as against each other while engaged in furthering the conspiracy. An actionable wrong must exist, and, if that wrong

has been perpetrated under an agreement or partnership of two or more persons, the person wronged may avail himself of a form of action which offers him certain facilities of proof.

In piecing together the diffuse and in many respects vague and uncertain allegations of the complaint, I have been unable to find that the plaintiff has been damaged in any respect for which he can find relief in this action under what seem to me to be well-settled principles of law. If the directors of the company had been bound to accept the propositions made by the persons with whom the plaintiff had been negotiating, their refusal might then have been actionable; but the resulting damage would have been damage to the corporation, and the cause of action would have been that of the company. If the corporation is under the control of the guilty parties, any stockholder, on behalf of himself and the others, may sue the delinquent directors, but the corporation must be a party defendant, as the suit is really prosecuted in its behalf, and the recovery is for its benefit. Robinson v. Smith, 3 Paige, 222; Greaves v. Gouge, 69 N. Y. 154; Brinckerhoff v. Bostwick, 88 N. Y. 52. Such an action, it seems, may be prosecuted in this state, even where the corporation is a foreign one. Prouty v. Railroad Co., 1 Hun, 655. The plaintiff has not assumed to prosecute the defendants on this theory, nor does it appear from the complaint that he could successfully state a cause of action in its favor, at least so far as the principal charge of the complaint is concerned. He is evidently the victim of the not infrequent occurrence of a hostile majority in a board of directors, controlled by men who were unknown to him when he acquired his stock. His remedy must be sought in the methods provided by law, by which directors may be changed or be held responsible for their fraudulent acts. That the pleader was conscious of his difficulty is apparent from the impression which the pleading, as a whole, leaves upon the mind that he was in pursuit of a statement of actionable damages, which was constantly eluding his grasp. The charges against the defendant Ryan are especially vague. His acts of offense are that he refused to transfer stock of the plaintiff without the production of the original certificate, and that he was one of the directors who refused to vote for the proposition which involved his resignation from the board. It is true that these acts are charged to have been done in furtherance of the combination alleged to aid the defendant Vanderveer in his efforts to compel the plaintiff to give up a portion of his stock, which, as we have seen, was unsuccessful; but the intent is felt a matter of inference, from the statements of Vanderveer that he could control the other directors. For the reasons I have stated, I am of the opinion that the complaint fails to set out a cause of action against the defendant Ryan. The demurrer is therefore sustained, and judgment ordered thereon for the defendants, with costs, with leave to the plaintiff to amend his complaint on payment of costs. Demurrer sustained, and judgment ordered for defendants, with leave to plaintiff to amend on payment of costs.