(17 Misc. Rep. 707)

## ELIAS et al. v. SCHWEYER.

(Supreme Court, Special Term, New York County.   June, 1896.)

1. TRUSTS—REMOVAL OF TRUSTEE—MISCONDUCT.
    In an action for the removal of one of two trustees under a will, it appeared that the trust estate owned a majority of the stock of a manufacturing corporation, and that the delinquent trustee, for the purpose of electing himself president of the corporation, and of deriving other personal advantages from the trust, persisted in voting for himself as a director, against the protest of his co-trustee, thereby disfranchising the estate stock, under an arrangement with the minority. *Held*, that this action on the part of the trustee constituted a breach of trust, for which he should be removed.

2. SAME—ACQUIRING CONFLICTING INTERESTS.
    Where, as in this case, a trustee has the discretion under the will as to distributing stock during the life of the cestui que trust, or of holding it. he is guilty of misconduct in placing himself in a position in which his personal interest may conflict with that of the estate.   .

3. SAME—DEALING WITH SHARES OF STOCK.
    In an action by beneficiaries against their trustee, the latter cannot be compelled to account for moneys unlawfully received while president of a corporation in which the trust estate owned the control of the stock. The corporation alone could demand such accounting, and the interest of the plaintiffs as shareholders is too remote to entitle them to an accounting in an action prosecuted only in their own interest.   The corporation could not be joined in such an action, as the cause of action by the beneficiaries to remove their trustee, and that in the interest of the corporation, are not susceptible of union in the same complaint.

(Syllabus by the Court.)

Action by William Elias and others against Edward Schweyer. Judgment for plaintiffs.

Guggenheimer, Untermyer & Marshall (Samuel Untermyer and Louis Marshall, of counsel), for plaintiffs.

Deyo, Duer & Bauerdorf (Robert Deyo and Charles F. Bauerdorf, of counsel), for defendant.

PRYOR, J.   In conjunction with his co-trustee, Catherine Elias, the defendant Schweyer held 270 of the 500 shares of stock in the Henry Elias Brewing Company.   Coveting the presidency of the corporation, with its salary of $10,000, the defendant so contrived as to secure his election to the position, against the protest of his co-trustee and the beneficiaries of his trust.   In the first place, by personal benefactions to the minority stockholders, and by the still

more efficacious ascendancy over them of the powers given him by his apparent control of the trust stock, he assured himself of their submission to his will, and their concurrence in his enterprise. Secure in the support of the minority, in order to his election as a director—an indispensable condition of his appointment to the presidency—he had only to nullify the vote of the majority stock. The way to this result was open before him. Mrs. Elias, his co-trustee, while willing to vote for anybody else, avowed an inflexible opposition to his election. He had therefore but to cast a ballot for himself, and the trust stock was disfranchised, thus leaving with the minority the choice of the board of directors. So elected director, with associates altogether instrumental to his purpose, he grasped the presidency and its emoluments. It is obvious at once that in deliberately abolishing the influence of the trust stock in the administration of the company, and handing over its control to the minority, the defendant committed a breach of his fiduciary obligation, aggravated by the fact that he so betrayed his trust for his personal profit. Ex parte North Shore S. I. Ferry Co., 63 Barb. 556, 572; People v. Albany & S. R. Co., 55 Barb. 345. Not only did fidelity to his trust exact of defendant to employ the power of the stock he held to secure a corporate administration in its interest, but the same obligation forbade him, also, to assume a relation in which a motive of personal gain might operate to seduce him from his duty as trustee. But, in aspiring to the presidency of the company, he was actuated by a desire of self-aggrandizement in irreconcilable conflict with a disinterested devotion to the welfare of his trust. In voting the trust stock, his only solicitude should have been for such an administration of the corporate affairs as would tend to the security and enhancement of the trust estate; but, in wielding the trust stock to attain the salary of president, he subordinated his duty as trustee to his interest as an individual.

A stockholder, in his own right, may vote himself into office, because in so voting he violates no fiduciary obligation; while a trustee of stock, in voting for himself, sets his personal interest in opposition to the interest of his trust. In the election of director, the beneficiaries of the trust were entitled to the unbiased judgment of their representative, and he had no right to subject that judgment to the sinister influence of self-interest. If it be argued that the defendant voted for himself in the honest belief that he was the fittest incumbent of the office, the obvious answer is that no man is allowed to be a judge in his own cause, and that the vanity of the individual shall not corrupt the impartiality of the trustee. Nor may the defendant insist that he occupies the place for the benefit of the trust, in face of his avowal that he sought the salary of president to supplement his scant commission as trustee. Beyond question, the trust estate should be represented in the corporate management; but it should be represented by one whose interest as an individual shall not be in conflict with his obligations as trustee. As president of the company, it is the defendant's interest to augment his salary. As trustee of the stock, it is his duty to reduce that expenditure. After all, the essential fact is conspicuous that

the defendant abused his position and power as trustee to secure an emolument at the expense of the trust estate.   In this, by all authorities, the defendant committed a breach of trust.   "Absolute and most scrupulous good faith is the very essence of the trustee's obligation.   The first and principal duty arising from this fiduciary relation is to act in all matters wholly for the benefit of the beneficiary.   The trustee is not permitted to manage the affairs of the trust, or to deal with the trust property, so as to gain any advantage, directly or indirectly, for himself, beyond his lawful compensation.   *   *   *   The duty not to accept any position, or enter into relation, or do any act inconsistent with the interests of the beneficiary, is a rule of wide application, and extends to every variety of circumstances.   It rests upon the principle that as long as the confidential relation lasts the trustee owes an undivided duty to his beneficiary, and cannot place himself in any other position which would subject him to conflicting duties, or expose him to the temptation of acting contrary to the best interest of his cestui que trust. *   *   *   The most important phase of this rule is that which forbids trustees from dealing in their own behalf with respect to matters involved in the trust, and this prohibition operates irrespectively of the good faith or bad faith of such dealing."   2 Pom. Eq. Jur. §§ 1075, 1077.   "In the execution of the trust, duty and interest must not be allowed to come into conflict.   Nor will any opportunity for conflict be permitted.   The trustee is forbidden to reap any personal advantage from his position, or deal with the trust property for his own benefit."   27 Am. & Eng. Enc. Law, 194; 1 Lewin, Trusts, 275; Perry, Trusts, § 427.   The principle thus propounded by commentators is uniformly upheld and enforced by courts, in its utmost stringency.   Munson v. Railroad Co., 103 N. Y. 58, 74, 8 N. E. 355; Davoue v. Fanning, 2 Johns. Ch. 251, 252; Cowee v. Cornell, 75 N. Y. 91, 100; Barnes v. Brown, 80 N. Y. 527, 535; Ogden v. Murray, 39 N. Y. 202, 207, 208.

In still another aspect the position of defendant as president of the company is incompatible with his duty as trustee.   By the terms of the trust he is authorized, in his discretion, to dispose of the stock, and it is easy to be seen that circumstances may arise in which such disposition will be for the interest of the trust estate.   But retention of the stock as trustee is the defendant's only security for his possession of the presidency and its perquisites.   He may be of sufficient virtue to postpone interest to duty, but by the imperative interdict of the law he is forbidden to incur the hazard of the temptation.

By section 70, p. 730, of the Revised Statutes (Banks & Bros.' 9th Ed., p. 1802), it is provided that, "upon the petition or bill of any person interested in the execution of a trust, the court of chancery may remove any trustee who has violated or threatens to violate his trust, or who for any other cause shall be deemed an unsuitable person to execute the trust."   I am of the opinion that by assuming, for his personal advantage, a position in hostility to the interests of his trust, the defendant has forfeited his right to retain it.   In re Cohn, 78 N. Y. 248.   If this be not so, still I cannot but conclude that the defendant is an "unsuitable person to execute the trust."

Against the remonstrance of his co-trustee, and the beneficiaries. of the trust, he persisted in so employing the voting power of the trust stock as to secure to himself the presidency of the company, and the absolute control of its administration. Hence that co-trustee and those beneficiaries are here, demanding his removal. "The removal of a trustee is proper where the relations between him and his co-trustee are such that they will not probably co-operate in carrying out the trusts beneficially to those interested, and a majority of the beneficiaries ask for such removal. And it is not essential how such relations originated, or whether the trustee whose removal is sought caused them by his own misconduct or not." Quackenboss v. Southwick, 41 N. Y. 117; Deraismes v. Dunham, 22 Hun, 86; Ex parte Morgan, 63 Barb. 621.

The prosperity of the company is strenuously urged against the removal of the defendant from his office as trustee. I am not satisfied, upon the evidence, that this prosperity is the effect of the defendant's administration. The operation of other causes, and the agency of other officers, are sufficient to account for the phenomenon. But, conceding all the credit to the defendant, the fact, though demonstrating his fitness for the presidency, is irrelevant to the question of his continuance in the trust. It is the repugnancy between the positions of president and trustee that requires his removal from the latter office. A stockholder, he is eligible as director; and, though no longer trustee, he may be promoted to the presidency. If his services be so indispensable to the welfare of the company as represented, it is not to be imagined that the minority hitherto supporting him, and the impartial person whom the court may appoint to succeed him in the trust, will concur in deposing him from the position.

While I conceive it improper that the defendant should continue trustee under the will of Henry Elias, I cannot, in this action, compel from him an accounting as to the moneys he may have unlawfully received while president of the company. In respect of those moneys he may be called to account only by the corporation. The interest of the plaintiffs as shareholders prejudiced, perhaps, in their dividends, is too remote to entitle them to the relief in an action prosecuted only in their own right. Risley v. Railroad Co., 62 N. Y. 240, 248; Greaves v. Gouge, 69 N. Y. 154. They do not purport to represent the corporation, and the corporation would not be concluded by a judgment. In the absence of the corporation, therefore, a complete determination of the action as for an accounting is impracticable. Nor may the corporation be brought in as a party, under section 452 of the Code. Newman v. Marvin, 12 Hun, 236; 2 Rum. Prac. 286. Moreover, the cause of action by the corporation and the cause of action by the beneficiaries of the trust are not susceptible of union in the same complaint. Code, § 484. In any event, the defendant dislodged from the control of the corporation, it may exact of him redress for any misconduct of which he may be guilty.

Judgment for plaintiffs, removing the defendant as trustee under the will of Henry Elias, with costs.