BENJAMIN W. COHEN, Suing on His Own Behalf and on Behalf of All Other Common Stockholders of THE FISK RUBBER CORPORATION Similarly Situated Who May Come in and Contribute to the Expenses of This Action, Respondent, v. CHARLES A. DANA and Others, Defendants, Impleaded with KARL H. BEHR, FREDERICK M. PEYSER, HARRY A. ARTHUR, JOHN C. TRAPHAGEN, UNITED STATES RUBBER COMPANY and DILLON, READ & COMPANY, Appellants.

Second Department, May 27, 1941.

Horace G. Hitchcock [*Paul W. Williams* and *Paul H. Arthur* with him on the brief], for the appellants.

*Martin Lippman* [*Jacob Lippman* with him on the brief], for the respondent.

PER CURIAM. The action is by a stockholder of The Fisk Rubber Corporation, suing on his own behalf and on behalf of other stockholders similarly situated, against the directors of that corporation and certain others, " in the right of said The Fisk Rubber Corporation " for damages due to alleged misconduct of the defendants to the detriment of The Fisk Rubber Corporation.

Ordinarily a complaint may not be dismissed before answer because of defect of parties. Here, however, in order that plaintiff, as a stockholder, may state a derivative cause of action, it is an integral part of such statement that the corporation in whose right the claim is asserted shall be a party to the action in which the claim is sought to be prosecuted. The corporation is an indispensable party; and it is indispensable to a statement of a derivative cause of action of this character that it appear that the corporation is before the court. It appears upon the face of the complaint that the corporation is not before the court and it has been conceded that plaintiff is unable to make service upon the corporation in order to bring it before the court. The complaint, therefore, does not state a cause of action vesting in the plaintiff and there is no power or jurisdiction in the court to adjudicate with finality the claim relied upon by the plaintiff, because although the complaint states that the claim is " in the right of  *  *  *  The Fisk Rubber Corporation," the latter corporation is not a party plaintiff or a party defendant.

The complaint states a cause of action vesting in The Fisk Rubber Corporation but that corporation is not a party to the action; the court is without jurisdiction over that corporation; hence the court is without power or jurisdiction to give the cause of action effect.

The fact that the corporation has been dissolved does not aid plaintiff as The Fisk Rubber Corporation, under the Delaware Corporation Law, continues in existence for three years from the date of its dissolution in March, 1940, " for the purpose of prosecuting and defending suits." The authoritative cases relied upon as holding that a dissolved corporation is not a necessary party concern themselves with statutes which differ as to the effect of dissolution, or with actions based on alleged individual rights of stockholders or creditors rather than actions in the right of a corporation.

The complaint, therefore, should be dismissed. (*Greaves* v. *Gouge*, 69 N. Y. 154; *Whalen* v. *General Mining, Milling & Power Co.*, 249 App. Div. 601; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119.)

This practical disposition is made in view of the concession that service cannot be had upon The Fisk Rubber Corporation in this jurisdiction.

It would be futile to act upon the companion appeal and grant the motion to bring in The Fisk Rubber Corporation as a party on the theory that it is indispensable and then after a lapse of time dismiss the action for failure to prosecute, for dismissal would be inevitable in view of the concession that service cannot be made.

The order dated March 4, 1941, denying appellants' motion to dismiss the complaint, should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

The appeal from the order dated February 5, 1941, denying appellants' motion to require plaintiff to bring The Fisk Rubber Corporation in as a party, should be dismissed, without costs, as academic.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Order dated March 4, 1941, denying appellants' motion to dismiss the complaint, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Appeal from order dated February 5, 1941, denying appellants' motion to require plaintiff to bring The Fisk Rubber Corporation in as a party, dismissed, without costs, as academic.