## SEARS AND OTHERS *vs.* HOTCHKISS AND OTHERS.

The directors of a trading corporation may be restrained by an injunction, upon the application of a party interested, from mismanaging the business of the corporation, or wasting its funds.

On a bill in equity brought by the plaintiffs who were stockholders of a trading corporation, and a part of them directors, against the remaining stockholders, who held a majority of the stock, and were a majoity of the directors of the corporation, to which the corporation itself was also made a party, charging the defendants with fraudulent mismanagement of the business of the company for their own private benefit, and with being largely indebted to the corporation for funds improperly withdrawn by them, and of which they concealed the amount,—and with a fraudulent combination for these purposes,—and praying for a disclosure, an account, a decree that the defendants pay to the corporation whatever should be found due and an injunction against their selling or wasting the property; it was held, on demurrer to the bill, 1. that it was no objection to the bill, that the corporation itself could have maintained an action at law for the injury against the defendants, nor that the plaintiffs had a remedy at law by a suit against the corporation; 2. that the bill both as to the equity which it disclosed, and as to the parties, was sufficient.

THIS was a bill in chancery brought by John Sears, Charles Sears and Alfred Eggleston, of Sharon, and Nathaniel Benedict, of Salisbury, against Asahel Hotchkiss and others, to the August term of the superior court for the county of Litchfield.

The bill alleged substantially that a corporation had been created under the statute laws of this state, by the name of the "Jewett Manufacturing Company," which was located at Sharon and engaged in the manufacture of a variety of articles of common and malleable iron castings. That the capital stock of said corporation was twenty-one thousand dollars, which was divided into shares of twenty-five dollars each. That said Charles Sears was the owner of eighty of said shares, and each of the other plaintiffs of forty of said shares. And that the remainder of said shares were owned by the defendants in the manner specified in the bill.

That said corporation had been engaged a year and more, in a business profitable in its nature, and which might be conducted to the great advantage of all said stockholders, but for difficulties and disagreements between the plaintiffs and defendants, and the wrongful practices of the defendants as afterward stated. That the directors of said company were John Sears, Nathaniel Benedict and Charles Sears, three of the plaintiffs, and Asahel A. Hotchkiss, John S. Jewett, Myron Dakin, and Frederic A. Hotchkiss, four of the defendants named in the bill, and that said Asahel A. Hotchkiss was the president of said corporation, and said Dakin, the treasurer thereof.

That the said four last named directors had unjustly combined together to misapply a portion of the funds of said corporation, and take the entire control of the business, money, and affairs of said corporation, without regard to the wishes, and votes of said three first named directors, and were acting unjustly and fraudulently with regard to the effects and business of said corporation, depreciating the value of the stock of the petitioners, and ruining the business of said company.

That before the organization of said company, said Asahel A. Hotchkiss, B. B. Hotchkiss, Frederic A. Hotchkiss, Andrew Hotchkiss, Vinson G. Sears, John S. Jewett, and Myron Dakin, as partners, under the name and firm of Jewett and company, owned all the real estate and a large portion of the personal estate then belonging to said corporation, which firm, and the aforesaid persons as members of said firm, had

for a long time before such organization been engaged in carrying on the same kind of business at said place, as that in which said corporation was then engaged, and thereby became largely indebted to divers persons in divers sums unknown to the plaintiffs.

That upon the formation of said joint stock corporation, the said firm of Jewett and Company, and the members thereof, sold to said Jewett Manufacturing Company said property. That said Asahel A. Hotchkiss, B. B. Hotchkiss, Frederic A. Hotchkiss, Andrew Hotchkiss, Vinson G. Sears, John S. Jewett, and Myron Dakin, owned a majority of the stock and shares of stock of said corporation, and had not only at all times controlled the votes and election of officers and the affairs of said corporation, without regard to the wishes, votes, and interest of the plaintiffs, but as partners of the firm of Jewett and Company, being liable for the debts of said firm, unjustly and fraudulently, at divers times between the first of November, 1853, and the date of the bill, by themselves and by the said Asahel A. Hotchkiss, John S. Jewett, Myron Dakin, and Frederic A. Hotchkiss, a majority of the directors of said corporation, and by the presidents, treasurers, clerks, and agents of said corporation, used and appropriated wrongfully and fraudulently three thousand dollars and more, of the money and means of said corporation in the payment and discharge of divers debts of said firm of Jewett and Company, due from said Jewett and Company and said members of said firm to divers persons, whose names were unknown to the plaintiffs, and had misapplied the money and means of said corporation, and wrongfully appropriated the same for their own benefit as members of said firm of Jewett and Company. That by means thereof said firm of Jewett and Company, and the members thereof became indebted to and justly liable to pay and refund to said Jewett Manufacturing Company, said sum of three thousand dollars and more, and the interest thereon ; and that said firm of Jewett and Company, were indebted to said corporation, in other sums to a large amount unknown to the plaintiffs for moneys advanced and paid for said Jewett and Company, and for their use and

benefit by the defendants, and by divers of the defendants acting as agents, clerks, treasurers, directors, and presidents of said corporation—no part of which the defendants nor said majority of directors who were defendants would permit to be charged on the books of said corporation to said Jewett and Company; all of which sums they concealed from said corporation and of the amounts of which sums, and the time of their advancement, the plaintiffs were entirely ignorant; that the said Jewett and Company and said members of said firm, wholly refused to refund or pay said debt and moneys to said corporation, and the defendants refused to permit a suit to be commenced for the recovery of said sums.

The bill proceeded to allege that the members of the firm of Jewett and Company owned a large majority of the stock of said corporation, and for more than twelve months controlled the votes and acts of the meetings of the members of said corporation, and wholly refused to refund, or permit said firm of Jewett and Company to refund said moneys to said corporation, or to pay said debt, and refused to permit said corporation to collect, or sue for, said moneys—by means of which said corporation was embarrassed in its business, and the plaintiffs greatly injured; that said Asahel A. Hotchkiss, Myron Dakin, John S. Jewett, and Frederic A. Hotchkiss, being a majority of said directors, refused to permit said moneys and debts to be charged to said Jewett and Company, and refused to collect the same, or permit any suit to be commenced therefor by said corporation or otherwise, and concealed the appropriation of said moneys; by means of which the stock owned by the plaintiffs was greatly reduced in value, and they injured; that the said last named directors and the defendants threatened to sell and dispose of all the property of said corporation at auction or otherwise, at any and all hazards and at any price it would bring, and intended to buy it in themselves, or procure others to buy it in for them, at prices much less than its real value, and to waste and destroy said property; and that the petitioners had no means of proving the amount of moneys so misappropriated by the respondents,

and said directors last named, and said clerks, agents, and other officers of said corporation, or the amount so due and owing to said corporation from said Jewett and Company and the respondents, without the oath disclosure and exhibits of said last named directors, and of the members of said firm of Jewett and Company, and of all the respondents.

The bill proceeded to allege that the plaintiffs were without adequate remedy at law, and prayed the court on finding the facts alleged in the bill to be true, to order the members of the firm of Jewett and Company, and all the defendants to disclose on oath, their knowledge respecting the funds of said corporation, advanced to or received by said Jewett and Company, and that they make an exhibit of all their books and accounts, respecting said moneys, and to order said Jewett and Company, and the persons composing said firm, and all the defendants to settle their accounts with the Jewett Manufacturing Company, and that said Jewett and Company pay over to said Jewett Manufacturing Company, the balances due to the said Jewett Manufacturing Company, from said Jewett and Company, or from the members of said firm—and that the members of the firm of Jewett and Company, give a faithful account of all the moneys belonging to said corporation, which had come into their hands as directors of said corporation or otherwise, and to enjoin the defendants against disposing of the property of said corporation at auction, and at a loss or sacrifice. The bill also contained a prayer for general relief.

To this bill the defendants demurred generally for want of equity.

They also demurred specially on the ground that the Jewett Manufacturing Company was not made a party to the bill. Said company was subsequently made a party and the questions arising upon the general demurrer were reserved for the advice of this court.

*Woodruff* and *Orr*, in support of the demurrer.

1. The bill can not be sustained against the members of the firm of Jewett and Company, for they are liable neither

in law nor in equity to the plaintiffs, but only to the Jewett Manufacturing Company. Nor can it be sustained against the directors of that corporation. For directors are not the agents of the stockholders and are accountable only to the corporation itself. Story on Agency, §§ 217, 314.

2. The plaintiffs have a remedy at law. A corporation is liable for the misconduct of its officers, and a stockholder may sustain an action for an injury occasioned by such misconduct against the corporation. *Gray* v. *the Portland Bank*, 3 Mass., 385. 2 Bay., 109.

3. The prayer for a disclosure does not give the court jurisdiction in the case unless it appears from the bill that the plaintiffs are entitled to the relief sought. And as to the relief sought, a stockholder of a corporation, can not by a petion in equity compel a debtor of the corporation to pay his debt, for this is a matter within the discretion of the directors with which the court will not interfere. So likewise the court will not interfere with the discretion of the directors in selling and disposing of the property. If directors abuse their trust they are liable to the corporation, and the corporation is liable to the stockholders.

*Hubbard* contra.

1. The bill states a perfect case for relief in equity. This is apparent from the allegations in the bill itself. It is substantially in the nature of a bill for a specific performance of what was agreed to be done in the formation of the corporation.

Directors of a joint stock corporation are always considered as trustees; and as such, may be called into a court of chancery by the stockholders. *Scott* v. *Depeyster*, 1 Edw. Ch., 513. 1 Bar. & Har. Eq. Dig., 321. *Taylor* v. *Miami Exporting Company*, 5 Ham., 165.

Stockholders in an incorporated bank, may sustain a bill in equity against the directors, the corporation, and other stockholders, upon allegations of fraudulent practices, depreciating the value of the stock; and may pray for an account, and a restoration of whatever may have been withdrawn.

Authorities *Supra.*

HINMAN, J.   The question in this case arises upon demurrer to the bill for want of equity.   The demurrer for want of proper parties has been disposed of by bringing in the Jewett Manufacturing Company, as a party defendant, so that now all parties in interest are before the court.   Without going much into detail, it is sufficient to say that the plaintiffs are holders of stock, and three of them are directors of the Jewett Manufacturing Company, and the defendants are the remaining stockholders, who have a majority of the stock, and also constitute a majority of the directors, together with the corporation itself, which has been brought in since the commencement of the suit.   The bill charges the directors who are defendants, with managing the business without regard to the wishes or interest of the plaintiffs, by fraudulently combining to appropriate the funds for their individual benefit, using them in the payment of their private debts, and with depreciating and destroying the business, and the value of the stock ; that, as individuals, and as partners in another private company, they are largely indebted to the corporation for funds improperly withdrawn by them, the amount of which they conceal, and refuse to permit to be charged on the corporation books, or to permit suits to be brought for its recovery ; and they threaten to sell the corporation property for less than its value, and to waste and destroy it for their individual benefit.   The bill prays for a disclosure and an account, and that the defendants pay whatever may be due to the corporation, and that they be enjoined not to sell or waste the property.

It is obvious from this summary that there is equity enough in the bill, provided the suit is regularly instituted by and against the proper parties.   But the defendants insist that the corporation alone should have commenced the suit ; or that the remedy should be sought in actions at law against the corporation.   It is said the corporation is the party that has been defrauded, and it should therefore be the party to

seek redress. In a technical sense, this is so; and accordingly it has been held that a stockholder in a bank can not maintain an action at law against the directors, for negligence, by means of which the capital is lost, and the shares rendered worthless; *Smith* v. *Hurd*, 12 Met., 271: and it may be admitted that such an action could be sustained in favor of the corporation; *Austin* v. *Daniels*, 4 Denio., 299. Still we think the objection ought not to prevail against a bill in equity to which not only the directors, but the corporation itself, and all the stockholders are made parties.

Courts of equity will interfere to restrain partners from wasting partnership property, and generally from fraudulent practices injurious to the partnership; and bills for an account will lie against joint-stock companies without seeking a dissolution, or making all the shareholders parties. Story on Part., § 224. Bisset on Part., Part 2, Ch. 9.

And joint stock companies, though formerly mere private partnerships, have now become in England, either under general laws, or by special acts, corporations substantially. Yet the principles applicable to ordinary partnerships have always, to some extent, been applied to them; and the tendency now is to assimilate them more and more to mere commercial partnerships. 12 Barbour, 27. *Bryant* v. *Warwick Canal Company*, 23, E. L. & Eq. Rep., 91.

And what good reason can be given why the members of a partnership should be liable to be restrained from misappropriating the partnership funds, that does not apply to the directors of a trading corporation? At law there may be technical difficulties; but courts of equity look at the parties in interest, and ought not, as we think, to allow defendants to protect themselves from liability on such grounds. In a case very analagous to this, Chancellor Walworth found no difficulty in sustaining the bill, and he well remarked that upon general principles of equity, no injury the stockholders may sustain, can be suffered to pass without a remedy. *Robinson* v. *Smith*, 3 Paige, 222. He considered the directors liable as trustees for a misapplication of the funds, and for gross negligence in the execution of the trust. In this

case, the corporation, as well as the directors, is made a party, and what difference in principle is there in restraining it from wasting its funds, and restraining a municipal corporation from a similar act at the suit of a tax payer. *New London* v. *Brainard,* 22 Conn. R., 553. In Angel and Ames on Corp., §§ 392, 393, it is said that a shareholder may maintain a bill in equity against the directors and the corporation, to have refunded any of the profits improperly appropriated, and this bill charges a misappropriation of all the property, including the profits which the plaintiffs believe to have been made. But it was said, that the plaintiffs have a remedy at law, by a suit against the corporation, which is not alleged to be insolvent; and *Gray* v. *The Portland Bank,* 3 Mass., 364, and other cases, are cited in support of the proposition. We have no occasion to question this doctrine, but it appears to us that more adequate relief can be obtained in equity, and that this is the more appropriate remedy. At law the suits must be as numerous as the stockholders, whereas in equity the whole controversy can be settled in one suit, and the remedy in equity is more feasible and not attended with difficulties that would have to be encountered at law. To save expense, as well as obtain more adequate and speedy relief, and to prevent a multiplicity of suits, we are satisfied the bill ought to be maintained, and so we advise the superior court.

In this opinion, the other judges, STORRS and ELLSWORTH, concurred.

*Demurrer overruled.*