JANE GORMAN, Appellant, *v.* GUARDIAN SAVINGS-BANK ET AL., Respondents.

### June 12, 1877.

1. The bill sets forth that the directors are inexperienced and inefficient; that loans have been made contrary to the provisions of the charter; that the bank is virtually insolvent; that it can no longer continue business without loss to the stockholders, and that it is to their interest that the bank should be wound up; that petitioner is a stockholder, and has not paid her last assessment; that the directors, for their own gain, will enforce the assessment made, and will make other assessments, and, if payment be not made, will forfeit the stock assessed; and prays for a receiver, and for an order restraining the directors from further interfering with the concerns of the bank. *Held*, that the bill presented no equity, and no grounds for the interference of a court of chancery, the directors not being charged with fraud, or any direct breach of the trust implied in their position.

2. The directors of a moneyed corporation may, at their discretion, make assessments on stock.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

FARISH & GRIFFIN, for appellant: The right of a stockholder to enjoin the corporation. — *Allen* v. *Curtis*, 26 Conn. 456; *Dodge* v. *Wooley*, 18 How. 341; *Sears* v. *Hotchkiss*, 25 Conn. 171; *Wiswell* v. *First Congregational Church*, 14 Ohio St. 40; *Manderson* v. *Bank*, 28 Pa. St. 379; *Bagshaw* v. *Railroad Co.*, 7 Hare, 114; *Central Bank* v. *Collins*, 40 Ga. 582; *Kean* v. *Johnston*, 1 Stockt. 400; *Simpson* v. *Westminster*, 8 Hoffm. Land Cas. 717; *Wright* v. *Oroville Mining Co.*, 40 Cal. 27; *Peabody* v. *Flint*, 6 Allen,

54; *March* v. *Eastern R. Co.*, 43 N. H. 532; *Taft* v. *Harrison*, 42 Hare, 489.

HITCHCOCK, LUBKE & PLAYER, for respondents: A court of equity will not, on the ground of expediency, at the suit of a stockholder, render a decree virtually annulling the franchises of the corporation. — *Fountain Ferry Co.* v. *Jewell*, 8 B. Mon. 140; *French* v. *Gifford*, 30 Iowa, 148; *Baker* v. *Backus*, 32 Ill. 79; *Folger* v. *Columbian Ins. Co.*, 99 Mass. 267; *In Re Berry*, 26 Barb. 55.

LEWIS, P. J., delivered the opinion of the court.

The petition states that the defendant, the Guardian Savings-Bank, is a corporation; gives a history of its organization, and an account of its present financial condition, and alleges that it is virtually insolvent, so that its business can no longer be prosecuted without loss to the stockholders; that the other defendants are the president, directors, and cashier of said bank; that, owing to the failure of its former president, the credit of the bank is impaired, and confidence in its stability is lost; that, through inexperience and inattention of the directors, it has already met with large losses; that, contrary to the charter, the finance committee have made loans on second and third mortgages, and on insufficient security. The petition further states that plaintiff is the owner of 400 shares of stock, on which the last assessment made by the board of directors is unpaid; that it is to the interest of the stockholders that said bank should be wound up; that it will expose them to liability and loss, without any prospect of gain, to allow it to continue to do business; that plaintiff has refused to pay said last assessment, and the directors have threatened to forfeit her stock unless said assessment is paid; that plaintiff is informed and believes, and so charges the fact to be, that the defendants, the directors of said bank, have formed a design, with a view of gain and advantage to themselves, of enforcing said assessment, and, in default of payment, of

forfeiting plaintiff's stock; that they intend thereafter to make further assessments, and, in default of payment, to forfeit the stock assessed, until they shall have excluded all non-paying stockholders, and thus secured the bank and its assets to themselves.

The petition prays for an injunction to restrain defendants from forfeiting plaintiff's stock; for the appointment of a receiver to take charge of the property and assets of the defendant bank and administer the same; that the affairs of the bank be wound up, the debts paid, so far as the assets will suffice, and the surplus assets, if any, distributed to the stockholders; and for a restraining order enjoining defendants from further interfering with the affairs of the defendant bank, and for general relief.

Upon the filing of this petition and an injunction bond, the court made an order enjoining defendants from forfeiting plaintiff's stock until the further order of the court.

The defendants demurred to the petition, as not stating facts sufficient to constitute a cause of action. This demurrer was sustained, and judgment was rendered for the defendants.

It is difficult to understand precisely upon what ground the plaintiff claims equitable relief. We are referred to a number of cases in which the directors or managers of a corporation were restrained, at the suit of one or more stockholders, from doing certain acts; but in none of them for any such reasons as are here presented. In those cases the defendants were charged with fraudulent misappropriation of assets to their private uses, thus depreciating and destroying the business of the corporation and the value of its stock; with the continued commission of acts which were contrary to law, and which endangered the existence of the charter; in short, with some direct breach of the trust implied in their position as directors. *Sears* v. *Hotchkiss*, 25 Conn. 171; *Allen* v. *Curtis*, 26 Conn. 456; *Dodge* v. *Woolsey*, 18 How. 341; *Wiswell* v. *First Congregational Church*, 14

Ohio St. 40; *Manderson* v. *Bank*, 28 Pa. St. 379; *Wright* v. *Oroville Mining Co.*, 40 Cal. 27. The case presented in the petition contains none of these elements. The defendants are not charged with any misappropriation of the assets of the corporation to private or fraudulent purposes, or with any continuing acts which are endangering the existence of the charter, or with any acts whatever amounting to a breach of trust. The sum and substance of all the allegations is that the business of the bank is not prosperous, and plaintiff thinks that the best move, under the circumstances, would be to wind up the concern. She would like the court to back her opinion by a decree to that effect, and thus enable her to escape the payment of an assessment to which she has unfortunately committed herself by contract.

The plaintiff, by her subscription of stock, agreed with the other corporators that the affairs of the corporation should be managed by certain officers, to be selected and qualified under the terms of the charter. The declaring of assessments on stock subscriptions was one of the subjects expressly committed to their discretion. No right of revision was reserved to her, and, consequently, none that she can ask the courts to enforce. It was no part of the undertaking of her fellow-corporators that their interests in the common franchise should be extinguished, or that the functions of the directors should be vacated, whenever the plaintiff might discover that they were lacking in experience, or were not conducting affairs upon true business principles. Corporate franchises would be absolutely worthless if, at the instance of a single stockholder, the courts might interfere with their enjoyment for any such causes as are here alleged by the plaintiff.

It is charged that, "contrary to its charter, the finance committee of said bank have made loans on second and third mortgages or deeds of trust, and, in many instances, where the property was wholly insufficient security, and, in

one or more instances, where there was an entire defect of title." Whether the defendants constitute the finance committee, or are responsible for its acts, does not appear. But if the charter has been so violated by the defendants, or any other officers, the remedy therefor is not to be found in an injunction, coupled with a virtual decree of forfeiture. *Quo warranto* would be a more appropriate proceeding. If there has been imprudence, bad judgment, or want of care in the taking of securities,—no fraud being alleged,—the remedy does not reside in the judicial power, but in the charter provisions for the selection of more efficient officers.

Plaintiff complains that the proposed assessment is " unnecessary, improvident, and oppressive." If it be made within the terms of the charter, and by the officers duly empowered to make it, it cannot be oppressive. Whether it be either unnecessary or improvident must be left, not to the courts, but to those whom the plaintiff and her fellow-corporators have selected to decide the question. These conditions are, of course, subject to the qualification that no deliberate fraud or breach of trust is involved in the action of the officers. The allegations in the petition show no fraud or breach of trust, within any legal intendment. The only attempt in that direction is to the effect that " said defendants, the directors of said bank, or a majority, have formed the design, with the view of gain and advantage to themselves, of enforcing this assessment, and, in default of payment thereof, forfeiting said stock of plaintiff; that they intend thereafter, and speedily, to make further and additional assessments, and, in default of payment, forfeit the stock so assessed, until they have excluded and ousted all non-paying stockholders, and thus secured the bank and its assets to themselves."

It is nowhere alleged that the directors, in making the assessment, exercised a power not conferred on them by the charter. The only objection urged against the assessment is, that it would be more to the interest of the stockholders

GORMAN v. GUARDIAN SAVINGS-BANK.

to abandon all further assessments and quit business. That the directors think differently from the plaintiff on this point is no evidence of fraud, or of breach of trust. The act of assessment, then, is lawful. But a lawful act is none the less lawful because done from motives of personal advantage. The most reprehensible designs or purposes will not vitiate an act which the law expressly sanctions or approves. If lawful assessments, followed by non-payment, may result in forfeitures of stock, the fault is in the charter, and not with the defendants.

The general scope of the plaintiff's application is to obtain a decree which shall, on grounds of expediency, prohibit the corporation from further pursuing the objects of its institution. In *Fountain Ferry Turnpike Company* v. *Jewell*, 8 B. Mon. 144, Chief Justice Thomas A. Marshall said : " If it be conceded that the chancellor may interpose, upon the application of corporators, to prevent a diversion of the corporate fund from the objects contemplated by the charter to other objects not authorized by it, we are not prepared to admit that he can interpose, upon the prayer of one or a minority of the corporators, to prevent an appropriation of the funds to the identical object for the accomplishment of which the corporation was instituted. The question whether the object intended to be accomplished is worth the cost and expense necessarily involved is one which each individual may determine for himself before he subscribes for stock. But when he has actually subscribed, he submits this question to the decision of the company or its managers, under the provisions of the charter, and, in the absence of fraud, has no appeal from that decision." * * * " We do not perceive the principle which would authorize the chancellor, upon the application of one or a few of its members, and in pursuance of their opinions or wishes, or on the ground of his own judgment of expediency, to restrain the action of the body pursuing, in obedience to its own will and judgment, its own specific and authorized objects, in such time

and manner as might be dictated by its own convenience and allowed by its charter.''

Finding no equity in the plaintiff's bill, we are of opinion that the demurrer was properly sustained. Judge HAYDEN concurring (Judge BAKEWELL not sitting), the judgment is affirmed.