count, and that it was not error to dismiss the complaint at the end of the plaintiffs' case.

The only other exceptions presented by the record are to the testimony of the truckman who was employed by Kalscheim on December 31st. There being evidence from which the jury could infer that Kalscheim had authority from the defendant to purchase articles of this character, it was not error for the plaintiffs to show a delivery to a truckman hired by Kalscheim, and the fact that such goods were actually delivered by the plaintiff to a truckman hired by the defendant's agent would be competent evidence to show delivery.

There was no exception to the charge of the court, and but one request to charge, which the court refused. The ruling upon this request to charge was clearly correct, as the responsibility of the plaintiffs did not depend upon the performance by the plaintiffs of "their duty in disposing of the property"; but, as the charge is not printed in the record, it is impossible to say that this request could be at all material.

There seems to be no question presented upon the record to justify a reversal of the judgment. The judgment and order appealed from are therefore affirmed, with costs. All concur.

---

(69 App. Div. 144.)

### NILES v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

CORPORATIONS—DIRECTORS—BREACH OF TRUST—SUIT BY STOCKHOLDER.

    Where the directors of a corporation are guilty of a breach of trust in purposely managing the company so as to bring about a foreclosure by its bondholders for the purpose of transferring the property to a rival, a stockholder may not sue the directors for damages owing to the depreciation of his stock, where he does not sue on behalf of the corporation.

Appeal from special term, New York county.

Action by Robert L. Niles against the New York Central & Hudson River Railroad Company and others. From a judgment in favor of defendants (71 N. Y. S. 271), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, and LAUGHLIN, JJ.

Louis Marshall, for appellant.
Thomas Thacher, for respondents.

LAUGHLIN, J. The demurrers are upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges, in substance, that the plaintiff is a large stockholder in the New York & Northern Railroad Company, a domestic railroad corporation owning and operating about 60 miles of railroad, in competition with a line controlled by the New York Central & Hudson River Railroad, and having valuable terminal facilities and other property in the city of New York and elsewhere;

that his stock was of great value; that the defendants wrongfully, unlawfully, fraudulently, and maliciously entered into a combination and conspiracy to procure for the New York Central & Hudson River Railroad Company the.possession, control, and virtual ownership of all the property and franchises of the New York & Northern Company, and to render the capital stock of that company valueless, and to destroy plaintiff's interest therein without making compensation therefor; that, in furtherance of such conspiracy, they procured a controlling interest in said company by the purchase of stock, and elected officers friendly to their purposes; that they acquired bonds of said company upon which coupons were due and unpaid, for the purpose of foreclosing the mortgage given to secure the same; that they constructed a plan which was under way with fair prospects of success for the reorganization of the New York & Northern Company for its financial relief; that after the New York Central & Hudson River Railroad Company, with the aid of Drexel, Morgan & Co., obtained the possession, management, and control of the New York & Northern Company, it further obstructed and hampered its business, and refused traffic which was offered to it by other transportation companies and shippers, thus depriving it of earnings which would have been applicable to the payment of interest due on its mortgage indebtedness and sufficient therefor, and diverted its earnings to other purposes, causing it to remain in default and precipitating a foreclosure; that they instigated a foreclosure and sale, and caused the property to be purchased in the interests of defendant corporation, and conveyed to the New York & Putnam Railroad Company, which immediately executed a lease thereof to the New York Central & Hudson River Railroad Company for 999 years, at a nominal rental; that, subsequent to the execution of said lease, the lessee mortgaged all its property, including the property thus leased, to secure the payment of bonds to the amount of $100,000,000, most of which have passed into the hands of bona fide purchasers; that the decree of foreclosure has been reversed on an appeal taken by some of the minority stockholders who intervened and interposed a defense, but that defendants claim that the reversal in no manner affects the title acquired under said lease, and remain in full possession thereunder; that the malicious and fraudulent purpose of the defendants has been consummated, and the market value of plaintiff's stock has been destroyed.

It is conceded that this is an action at law, not in the right of the corporation of which plaintiff is a stockholder, and which has not been made a defendant, but to recover the value of the plaintiff's stock. The defendants had the control of the affairs of the railroad of which the plaintiff was a stockholder, and it was their duty to manage it in good faith, in the interest. of all stockholders. They have violated that obligation, and managed the corporation in furtherance of their own interest. For this breach of a trust obligation the defendants are liable to the corporation itself. Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689; De Neufville

v. Railway Co., 26 C. C. A. 306, 81 Fed. 10; Pondir v. Railroad Co., 72 Hun, 384, 25 N. Y. Supp. 560; Ervin v. Navigation Co. (C. C.) 27 Fed. 625; Sears v. Hotchkiss, 25 Conn. 171; Goodin v. Canal Co., 18 Ohio St. 169, 98 Am. Dec. 95.

Where the corporation refuses or neglects on demand to bring the action, or is under control of the parties to be sued, so as to render a demand of no avail, or other facts appear to make it improper that the action should be controlled by the officers of the corporation, or even by a receiver already appointed, a stockholder may bring the action in his own name, but in the right of the corporation, which must be made a defendant. Flynn v. Railroad Co., 158 N. Y. 493–508, 53 N. E. 520; Alexander v. Donohoe, 143 N. Y. 203–211, 38 N. E. 263; Brinkerhoff v. Bostwick, 88 N. Y. 52; Fitchett v. Murphy, 46 App. Div. 181, 61 N. Y. Supp. 182; Sayles v. White, 18 App. Div. 590, 46 N. Y. Supp. 194. The action by or in the right of the corporation may be at law, where the damages are susceptible of proof in such an action. Sayles v. White, supra; Hanley v. Balch, 94 Mich. 315, 53 N. W. 954. Ordinarily, however, the remedy is in equity. Hanley v. Balch, supra; Farmers' Loan & Trust Co. v. New York & N. R. Co., supra. Equity regards the stockholder as the equitable owner of an undivided fractional part of the entire assets of the corporation. Flynn v. Railroad Co., supra, page 504, 158 N. Y., and page 523, 53 N. E. The direct wrong was to the corporation. The defendants, having assumed its management, were bound to prevent default in the payment of interest, and consequent sacrifice of the corporate property, if in their power to do so. A breach of this obligation was an actionable tort. Rich v. Railroad Co., 87 N. Y. 398.

The depreciation in value of the stock, however, was the result of the wrongs committed against the corporation. The complaint contains no allegation of any wrong done to the plaintiff, as distinguished from the wrong committed against the corporation. The plaintiff's stock has neither been acquired, sold, nor directly interfered with. The value of all stock has been affected alike, and its depreciation in value has been caused by the wrongful interference with the rights of the corporation, and the fraudulent diversion of its property from the purpose for which the same was acquired. The plaintiff has been damnified, but the damages sustained by him flow from the wrong committed against the corporation, and are, in contemplation of law, remote, indirect, and consequential. Where, as here, the common law prevails, such damages are not recoverable except in the right of the corporation. Morgan v. Railroad Co., Fed. Cas. No. 9,806; Greaves v. Gouge, 69 N. Y. 154; Gardiner v. Pollard, 10 Bosw. 674; Alexander v. Donohue, supra; Hodsdon v. Copeland, 16 Me. 314; Hirsh v. Jones (C. C.) 56 Fed. 137; Craig v. Gregg, 83 Pa. 19.

If a wrong were committed against the plaintiff as a stockholder, as contradistinguished from a wrong against the corporation, that would give him a right of action against the wrongdoer. Rothmiller v. Stein, 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148; Cazeaux v. Mali, 25 Barb. 578; Ritchie v. McMullen, 25 C. C. A. 50, 79

Fed. 522; Walsham v. Stainton, 1 De Gex, J. & S. 678. The corporation, however, is a distinct and separate entity from the holders of its stock, and in the management of the property and affairs of the corporation it represents them all. People v. Coleman, 133 N. Y. 279-284, 31 N. E. 96, 16 L. R. A. 183; Morgan v. Railroad Co., supra; Kennebec & P. R. Co. v. Portland & K. R. Co., 54 Me. 173; Tomlinson v. Bricklayers' Union, 87 Ind. 308; Morgan v. Railroad Co. (1870) Fed. Cas. No. 9,806. Even though the depreciation in the value of the stock be capable of ascertainment as a basis of damages at law, the wrongs complained of are wrongs against the corporation, and it has a cause of action for the restoration of the property or for the damages sustained. It is presumed that a diligent enforcement of these remedies will result in the restoration of the corporate property or its equivalent, and will afford adequate indemnity to the stockholders. A recovery in such case by the stockholders in their own right would not be a bar to a recovery of the same damages by the corporation. A double recovery has not been permitted in these actions up to the present time, either at law or in equity. Greaves v. Gouge, 52 How. Prac. 58; Id., 69 N. Y. 154; Gardiner v. Pollard, supra; Hirsh v. Jones, supra.

These views lead to the conclusion that the action is not maintainable, and therefore the final judgment dismissing the complaint must be affirmed, with costs.

INGRAHAM and HATCH, JJ., concur; VAN BRUNT, P. J., in result.