(164 App. Div. 332)

## GENERAL RUBBER CO. v. BENEDICT. (No. 6263.)

(Supreme Court, Appellate Division, First Department. November 13, 1914.)

1. CORPORATIONS (§ 202*)—ACTIONS—RIGHT OF STOCKHOLDER.

   A stockholder in a corporation cannot, as such, recover against a third person his proportionate share of damage suffered by the corporation by reason of such person's acts.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780, 822; Dec. Dig. § 202.*]

2. CORPORATIONS (§ 310*)—DIRECTORS—OBLIGATION.

   It is the duty of a director to exercise ordinary care and common prudence, as well as fidelity to the corporation which he serves.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1352–1362; Dec. Dig. § 310.*]

3. CORPORATIONS (§ 319*)—ACTIONS—LIABILITY OF DIRECTORS.

   Plaintiff corporation owned practically the entire stock of a subsidiary company. Defendant, who was a director in the plaintiff company, was the only one who had knowledge that the manager of this subsidiary company was about to appropriate moneys belonging to such subsidiary company to discharge obligations of a third corporation in which defendant was interested. *Held* that, where defendant did not warn plaintiff of that fact, it could maintain an action against him for a breach of his duty as a director.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.*]

   Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Suit by the General Rubber Company against Elias C. Benedict. From an interlocutory judgment, overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William M. Ivins, of New York City, for appellant.
Nathaniel Myers, of New York City, for respondent.

DOWLING, J. The complaint in substance alleges: That plaintiff is a corporation organized pursuant to the laws of the state of New Jersey, whose affairs under the statutes are managed by its directors, and that defendant was a director therein, and as such charged by law with the continuous duty "of protecting and promoting its welfare by the exercise of diligence and faithfulness, and of preserving the property and assets from waste, and of refraining from authorizing, making, or knowingly permitting to be made any unlawful, improper, or improvident use of its funds or assets, and of abstaining from doing himself, and from acquiescing in the doing by any one else of, any wrongful act which he knew to be detrimental to its pecuniary inter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ests, and especially with the duty of refraining from doing, and of preventing others from doing, any act which to his knowledge would be detrimental to its pecuniary interests and at its cost would be promotive of his own interests." That plaintiff has been continuously engaged for several years prior to May 1, 1911, and thereafter until September 20, 1911, in purchasing crude rubber in Brazil for its business through Gordon & Co., a concern located at Para, Brazil, in which plaintiff and one W. Stuart Gordon were interested. That on the latter date a corporation was organized under the laws of the state of New Jersey, known as the "General Rubber Company of Brazil," to which the business of Gordon & Co. was transferred, and of all of whose shares the plaintiff became owner, and has since retained ownership thereof, with the exception of some 18 shares out of the total issue of 3,000. That said 3,000 shares were worth their par value of $300,000, until damaged by the acts complained of. That the Brazil Company is the sole crude rubber buying instrumentality of the plaintiff in Para, Brazil, and its principal office outside of New Jersey has been in New York City, where its directors' meetings have been held. That defendant is the only director of plaintiff who has ever been at Para. That Arnold J. Hutter was general manager of W. S. Gordon & Co. down to September 20, 1911, after which date, and until June, 1913, he was general manager of the General Rubber Company at Para, and as such in charge of its moneys, property, and business there. That in May, 1911, defendant, Hutter, and Colgate Hoyt purchased a rubber growing and crude rubber buying and selling business in Brazil, and established an agency thereof in Para under the name of "E. Levy," and placed Hutter in charge thereof as general manager at a salary of $6,000 per annum. That, without plaintiff's knowledge, defendant also agreed that Hutter should be one of the owners of said business and interested to the extent of 200 shares in the corporation to be formed to acquire the same. That defendant informed plaintiff and its board of directors in June, 1911, that he had engaged in the business of "E. Levy" and desired Hutter's services therein for not more than 6 months, which would not take more than one hour a week, and would not interfere with the performance of his duties as plaintiff's general manager at Para, and thereupon requested plaintiff and its board of directors to consent to Hutter's performing the services in the business of "E. Levy" to the extent indicated. That defendant withheld from the plaintiff and the board the real agreement between Hutter and himself and his other associate in "E. Levy," by which Hutter's salary was to be an annual one, his services were to continue for much longer than 6 months, and he was to be one of the owners of the business, devoting 20 hours per week to the same, and thus lessening the value of his services to plaintiff, interfering with the performance of his duties to it, and putting him in a position in which his interests would conflict materially with those of the plaintiff. That neither plaintiff nor its directors, save defendant, knew of these facts, though defendant did have knowledge of all of them and concealed them. That defendant, with Hoyt and others, caused the incorporation in West Virginia of the "Moju

Rubber Plantations & Development Company," whereof defendant owns more than one-fourth of the stock, being its vice president, a director, and a member of its executive committee. That the Moju Company became the owner of the business conducted under the name "E. Levy." That on July 10, 1911, Hutter became the general manager of the Moju Company at the annual salary of $6,000 and subscribed for and acquired 20 per cent. of its capital stock, still without plaintiff's knowledge. That the Moju Company was in pressing need of money from February, 1912, its condition becoming gradually worse until, in June, 1913, it was, and has since remained, insolvent, and claims against it are of little or no value. That during the period named defendant knew that Hutter, as general manager of the Brazil Company, was in possession of large sums of money belonging to it, and was remote from personal supervision by its officers, and could dispose of funds without consultation with them. That in February, 1912, Hutter, to the knowledge of defendant, misapplied funds and moneys of the General Rubber Company of Brazil to the amount of $4,000 to the use of himself, defendant, and their associates, and paid out and misapplied the moneys of said company in payment of the debts and obligations of the Moju Company, and continued until June, 1913, misapplying additional funds of the Rubber Company of Brazil to the use of the Moju Company and for the benefit of defendant, Hutter, and their associates, to the aggregate amount of $185,000. That neither plaintiff nor any of its officers or directors, save defendant, ever knew of such misapplication of its funds. The complaint then proceeds to set forth:

"Twenty-Third.—On information and belief, that at or about the time of such misappropriation of each of the said sums of money or funds of the said General Rubber Company of Brazil to the uses of the said Moju Company by the said Hutter, the defendant herein was cognizant thereof and acquiesced in and approved of such use thereof, and that at all times he knew that thereby such funds were being placed in jeopardy and were liable to be wholly lost to said General Rubber Company of Brazil and to the damage of the plaintiff, and that such misuse of said funds was a fraud upon the plaintiff and upon said General Rubber Company of Brazil, and in the financial interest of the defendant and his associates and of said Hutter, and that at all the said times the defendant well knew that the plaintiff and its officers and directors (other than himself) and the said General Rubber Company of Brazil and its officers and directors were and each of them was wholly ignorant of such misuse of said funds.

"Twenty-Fourth.—On information and belief, that when and as the defendant acquired knowledge of the relations of the said Hutter to the said Moju Company and of the use by the said Hutter of the funds of the General Rubber Company of Brazil for the benefit and account of the said Moju Company as aforesaid, it was the duty of the defendant to inform the plaintiff and its officers and directors of each of the said facts, and of all of the facts within his knowledge relating thereto, and forthwith to cause effective steps to be taken to prevent the said Hutter from misapplying any funds of the General Rubber Company of Brazil to the said purposes, and to recover from the said General Rubber Company of Brazil any of its funds that had been so misapplied; and if the said defendant had performed his said duties as such director of the plaintiff, the plaintiff could and would have taken such action as would have caused the funds and moneys of said General Rubber Company of Brazil theretofore so misapplied to have been recovered, and as would have prevented the said further misapplication of said funds and moneys to such wrongful uses. Upon information and belief, that by reason of said violation

by the defendant of his duty as a director of the plaintiff the said Hutter was enabled to misapply and as aforesaid did misapply the moneys of the General Rubber Company of Brazil, without the knowledge of the directors (other than the defendant) or officers of the plaintiff, to the damage of said General Rubber Company of Brazil, and to the damage of the plaintiff as hereinafter alleged, and that by reason of the violation by the defendant of his duty to the plaintiff the directors of the plaintiff were effectually prevented from protecting the property from misapplication as aforesaid until after the said Hutter, with knowledge as aforesaid of the defendant, had misapplied its funds and money to the amount of $185,000.

"Twenty-Fifth.—Upon information and belief, that at all the times prior to the month of June, 1913, the defendant, in violation of his duty as a director of the plaintiff, and for his own benefit, intentionally withheld and consciously concealed from the plaintiff, and from its officers and directors, and from the said General Rubber Company of Brazil, and from its officers and directors, all knowledge and information of the matters stated in the preceding article twenty-fourth.

"Twenty-Sixth.—Upon information and belief, that the said wrongful misappropriations by said Hutter have lessened the value of the assets of the plaintiff, to wit, said shares of stock of said General Rubber Company of Brazil owned by the plaintiff as aforesaid, and have also otherwise damaged the plaintiff in a sum exceeding one hundred and eighty-five thousand dollars ($185,000), and that the said damage to the plaintiff resulted directly from the violation by defendant of his duty to the plaintiff as one of its directors as hereinbefore set forth and to his benefit.

"Twenty-Seventh.—Upon information and belief, that in the manner aforesaid, and by the said acts, neglects, and concealments of the said defendant, and by his said breach of his duty to the plaintiff, the said defendant has damaged the plaintiff in the sum of one hundred and eighty-five thousand dollars ($185,000) and interest."

[1-3] We think that the objections which are urged against the sufficiency of this complaint with such ability and vigor by the appellant's counsel are not valid, because this is not a derivative action, in which a stockholder is seeking to recover his share of the damage sustained by the corporation in which he is interested, but an action accruing solely to a corporation which has been damaged by reason of a director's neglect or disregard of his duties to it. Plaintiff could not seek either the whole or its proportionate share of any damage which the Brazil Company had sustained by reason of defendant's acts. In Niles v. New York Cent. & H. R. R. Co., 69 App. Div. 144, 74 N. Y. Supp. 617, affirmed 176 N. Y. 119, 68 N. E. 142, plaintiff, as a stockholder of the New York & Northern Railroad Company, sued to recover in his own right the value of his stock, whose market value he claimed had been destroyed by reason of the defendant's control of the road whose stock he held. Concededly the obligation rested on that defendant to manage the controlled road in good faith and in the interest of all the stockholders, but for a violation of that obligation and the management of the controlled company in furtherance of its own interest it was liable to the corporation itself. This court referred to the fact that the complaint contained no allegation of any wrong done to the plaintiff, as distinguished from the wrong committed against the corporation, and said:

"If a wrong were committed against the plaintiff as a stockholder, as contradistinguished from a wrong against the corporation, that would give him a right of action against the wrongdoer." 69 App. Div. 148, 74 N. Y. Supp. 619.

The plaintiff herein cannot recover back the amount of the misappropriation of funds of the General Rubber Company of Brazil, to be paid to it, instead of the latter company, even if it does own practically all of its stock, for that company is still in existence and has its independent right of recovery for such moneys, which it must bring in its own name; plaintiff's ownership of stock therein conferring upon it no right of action for a debt due to such corporation. People v. American Bell Telephone Co., 117 N. Y. 255, 22 N. E. 1057; U. S. Radiator Co. v. State of New York, 208 N. Y. 144, 101 N. E. 783, 46 L. R. A. (N. S.) 585; Fitzgerald v. Missouri Pacific Ry. Co. (C. C.) 45 Fed. 812.

But that is not the present action. Stripped of explanatory matter, it is an action against a director in a corporation, who owed it the duty of diligence, honesty, and good faith, for his failure to exercise those obligations on its behalf. It is based on the claim that, as a director in the plaintiff corporation, the defendant in the exercise of ordinary care and common prudence was bound to advise it that the general manager at Para of another corporation, which plaintiff had organized as an aid to its business and owned practically in its entirety, to defendant's knowledge, was misapplying the funds of his principal and using them for the benefit of defendant and his associates in an outside venture, which course of action was continued until the latter venture became hopelessly insolvent. Defendant well knew that the direct result of such course of action on the manager's part was to damage plaintiff's investment in the Brazil Company and at the same time to help along his individual venture at plaintiff's expense. Still he remained silent. It seems plain that this is quite different from an action against defendant by the Brazil Company for a conspiracy with Hutter to divert its funds to an unwarranted use. Defendant was not a director in the Brazil Company. He is not shown to have owed it any special duty. An action against him by the Brazil Company must proceed upon a very different theory than that upon which the present action can be upheld, which is that defendant is liable for the failure to disclose a series of transactions involving serious loss to his company, with attendant personal profit to himself. Upon the allegations of the complaint, the case would seem to come well within the rule laid down in Hun v. Cary, 82 N. Y. 65, 37 Am. Rep. 546, and Latimer v. Veader, 20 App. Div. 418, 46 N. Y. Supp. 823.

Not only did defendant fail to advise his associates in the board of directors of the first of the misapplications of funds of which he had knowledge, but he kept silent and allowed the process of diversion to continue for a period of more than a year. It is also charged that the situation thus created was made possible by the dual position which Hutter was allowed to occupy towards both the plaintiff's enterprise and the defendant's, by reason of defendant's suppression of the real situation as to Hutter's interest in, and attention to, the affairs of the latter. Had this action been brought for a loss sustained by plaintiff in the value of stock held by it, due to a neglect by defendant of his duties as a director, we think there would be no question raised as to the right to recover. That in addition to this cause of action there

may also exist one in favor of the other corporation is no defense to this suit. A man may do an act for which he is not only responsible to different persons affected by it, but his responsibility may vary in extent and degree according to the relation which he holds to the various sufferers from his action. Here defendant owed a positive duty to plaintiff. He is charged with having failed to discharge it. The measure of plaintiff's damage is the diminution in the value of its stock, caused by his failure to perform his duty to it.

We are not now concerned with other claims that may be made against defendant by the Brazil Company, or how, if successfully urged, the amount recoverable thereon might be affected by a recovery herein. It is enough to decide that the complaint herein sets forth a cause of action against defendant, and that the judgment appealed from should be affirmed, with costs, with leave to defendant to withdraw the demurrer and interpose an answer herein within 20 days, upon payment of costs in this court and in the court below.

SCOTT and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. I am unable to concur in the opinion of my Brother DOWLING. The defendant was a director in plaintiff corporation, organized under the laws of the state of New Jersey, with its principal office for the transaction of business in the city of New York. The complaint alleges that on the 20th of September, 1911, a corporation was organized pursuant to the laws of the state of New Jersey, under the name General Rubber Company of Brazil, with a capital stock of 3,000 shares, of the par value of $100, all of which was the property of the plaintiff, except 18 shares, which seem to have been held by the directors to qualify them to serve as such. The defendant was not a director of the General Rubber Company of Brazil. Various acts of the defendant as a director are then alleged as in violation of his duty to the plaintiff corporation, of which he was a director, which resulted in depreciation of the value of the stock of the General Rubber Company of Brazil held by the plaintiff corporation. It is not alleged that any other damage was sustained by the plaintiff, except that the action of the defendant and certain of the officers or employés of the General Rubber Company of Brazil tended to dissipate the assets of said corporation and injure its business. The complaint then alleged:

"Twenty-Fifth.—Upon information and belief, that at all the times prior to the month of June, 1913, the defendant, in violation of his duty as a director of the plaintiff, and for his own benefit, intentionally withheld and consciously concealed from the plaintiff, and from its officers and directors, and from the said General Rubber Company of Brazil, and from its officers and directors, all knowledge and information of the matters stated in the preceding article twenty-fourth.

"Twenty-Sixth.—Upon information and belief, that the said wrongful misappropriations by said Hutter have lessened the value of the assets of the plaintiff, to wit, said shares of stock of said General Rubber Company of Brazil owned by the plaintiff as aforesaid, and have also otherwise damaged the plaintiff in a sum exceeding one hundred and eighty-five thousand dollars ($185,000), and that the said damage to the plaintiff resulted directly from

the violation by defendant of his duty to the plaintiff as one of its directors as hereinbefore set forth and to his benefit.

"Twenty-Seventh.—Upon information and belief, that in the manner afore-, said, and by the said acts, neglects, and concealments of the said defendant, and by his said breach of his duty to the plaintiff, the said defendant has damaged the plaintiff in the sum of one hundred and eighty-five thousand dollars ($185,000) and interest."

The action is brought by the plaintiff, not as a stockholder of the General Rubber Company of Brazil, but in its own right as a stockholder to recover from the defendant as its director the loss occasioned to the plaintiff by the depreciation in the value of the stock of the General Rubber Company of Brazil which it held. There is no allegation in the complaint which tends to show that the plaintiff has been damaged in any particular by any act of the defendant, except in depreciation of the value of the stock of the General Rubber Company of Brazil. A recovery by the Brazil Company from those engaged in the defalcations of the property of said corporation will restore the value of the plaintiff's stock therein, and thus the plaintiff will be compensated for any injury it sustained in consequence of the depreciation of its said stock. It would be no defense to an action brought by the General Rubber Company of Brazil against the defendant, and those who united with him in despoiling that company, that plaintiff had recovered from the defendant the damages that were sustained by the General Rubber Company of Brazil in consequence of the acts alleged in the complaint. Such a recovery would inure to the benefit of the creditors and stockholders of the corporation; but if a recovery were permitted in this action, it would go to the stockholders, in disregard of the rights of the creditors, of the corporation.

The wrongs of which complaint is made, as alleged in the complaint, seem to be: First, the defendant conspired with one Hutter to defraud the General Rubber Company of Brazil; and, second, with the knowledge that Hutter had despoiled the General Rubber Company of Brazil, the defendant had refrained from informing the officers and directors of that company of that fact. It seems to be assumed that, if that information had been given, the officers and directors of the General Rubber Company of Brazil, of which defendant was not one, would have taken such means as would stop further despoliation. The two corporations were distinct; the only connection between them being that plaintiff owned practically all of the stock of the General Rubber Company of Brazil. The only wrong, as against this plaintiff, as I can see, consisted in the failure to give the directors of the plaintiff notice of the way in which Hutter was treating the assets of said corporation. But the plaintiff, as a corporation, had no power to interfere in the management of the General Rubber Company of Brazil, except so far as it could control the election of directors by virtue of the ownership of its stock. The wrong that was done was against the General Rubber Company of Brazil, and it only affected the plaintiff because the plaintiff was the owner of the stock in that company, the value of which was depreciated by the acts of Hutter.

The question as to the liability of the directors of a corporation for loss caused to its stockholders was exhaustively discussed by this court

in Niles v. N. Y. C. & H. R. R. R. Co., 69 App. Div. 144, 74 N. Y. Supp. 617, affirmed 176 N. Y. 119, 68 N. E. 142. That was a case wherein this court, Mr. Justice Laughlin writing for the court, said:

"If a wrong were committed against the plaintiff as a stockholder, as con tradistinguished from a wrong against the corporation, that would give him a right of action against the wrongdoer. The corporation, however, is a distinct and separate entity from the holders of its stock, and in the management of the property and affairs of the corporation it represents them all. Even though the depreciation in the value of the stock be capable of ascertainment as a basis of damages at law, the wrongs complained of are wrongs against the corporation, and it has a cause of action for the restoration of the property or for the damages sustained."

In the Court of Appeals, Judge Haight delivering the unanimous opinion of that court, the court said:

"It was an injury for which an action could have been maintained by the corporation, its receiver, if one had been appointed, or by any stockholder, after proper demand, in behalf of the company and for its benefit. In such an action the creditors are vitally interested. They have the right to have the action prosecuted on behalf of the company, so that their interests may be protected and their claims paid out of any recovery which may be obtained. True, the plaintiff has suffered a depreciation in the value of his stock as a result of the wrong, and in this respect the injury was personal to the holders of the stock. But every stockholder has suffered from the same wrong, and if the plaintiff can maintain an action for the recovery of the damages sustained by him, every stockholder must be accorded the same right. The injury, however, resulting from the wrong, was, as we have seen, to the corporation. The depreciation in the value of the plaintiff's stock, and that of the other stockholders, was in consequence of the waste and destruction of the property and franchise of the corporation. There are wrongs which, if committed against a stockholder, entitle him to a right of action against the person committing the wrong for the damages sustained; as, for instance, where a person had been induced to purchase stock in a corporation, and pay a higher price than the stock was fairly and reasonably worth, or where the owner of stock had been induced to part with it for a less sum than its true value, by reason of false and fraudulent representations of others with reference to its value. But these wrongs are distinguishable from those against the corporation. They result in injury to the stockholder upon whom the wrong is practiced, but do not injure the other stockholders or the corporation itself. The injuries, however, in this case, are not of this character."

So it seems to me clear the plaintiff cannot recover for any injury caused to the value of the stock of the General Rubber Company of Brazil; for, although it would result in injury to the value of the stock of the said company, it would not result in injury to the plaintiff, except as such a stockholder.

Nor do I think the allegation of negligence of duty to inform the plaintiff or his fellow directors of the plaintiff of his knowledge of the acts of Hutter in relation to the property of the General Rubber Company of Brazil is actionable against the defendant. It is quite clear, it seems to me, that injury to the plaintiff, as distinct from the individuals comprising its officers and directors, could neither have produced nor prevented the wrong to the General Rubber Company of Brazil. As the directors of the plaintiff corporation, with the exception of the defendant, were directors of the General Rubber Company of Brazil, it may be that, if they had been informed of the actions of the said Hutter, they would have taken measures, not as directors of the Gen-

eral Rubber Company of Brazil, to stop his despoliation. But the wrong done was to the General Rubber Company of Brazil, and not to the plaintiff corporation; and, it seems to me, the plaintiff cannot be said to have sustained damages because defendant did not inform the directors of the General Rubber Company of Brazil of the wrongs alleged in the complaint. It is quite clear the only damage alleged is the depreciation in the value of the stock of the General Rubber Company of Brazil because of the acts of the defendant, and that, it seems to me, was a wrong against the General Rubber Company of Brazil, and not against the plaintiff corporation, and for which the General Rubber Company of Brazil has a right of action, and the plaintiff has not.

I therefore think that this judgment should be reversed.

LAUGHLIN, J., concurs.